## FENN et v VOGT et

Ohio Appeals, 9th Dist, Summit Co

No 1263.   Decided Jan 19, 1932

Waters, Andress, Hagelbarger, Wise & Maxon, Akron, for plaintiffs.

Musser, Kimber & Huffman, Akron, for defendants.

**WASHBURN, J.**

There can be no doubt but that the testatrix used appropriate language to create an absolute estate in fee simple in Everton N. Fenn, and the question is whether, when full consideration is given to that language and the language expressing a wish and desire which immediately follows, it was the intention of the testatrix to give the beneficial interest in the real estate to Everton N. Fenn, or the fee simple title in trust for certain purposes, or to him and to the heirs of his body begotten.

The rule supported by the weight of modern authority is that, when an estate or interest in land is devised in clear and absolute language, without words of limitation, the devise cannot be defeated or limited by a subsequent doubtful provision inferentially raising a limitation upon the prior devise; and that when there is an absolute or unlimited devise of property, a subsequent clause expressing a wish, desire, or direction for its disposition after the death of the devisee, will not defeat the devise, nor limit the estate or interest in the property to the right of possession and use during the life of the devisee.

In early times the rule in England was that a request 'in a will was considered prima facie imperative; but the modern rule in England and most of the states is that a mere request does not import a command; the test in every case is whether the intention of the testator is manifest and mandatory in favor of the object of his bounty, or is merely suggestive and advisory to the first taker.

In determining whether the language used in this will was the expression of a mere wish or was in the nature of an imperative direction or command to do a certain thing, we must necessarily take into consideration the circumstances existing at the time the language was used, and we find in this case that the testatrix had only an undivided one-fourth interest in said real estate, and that the circumstances were such that it was absolutely impossible for such wish to be carried out without the cooperation of the owners of the other three-fourths of said real estate, and it seems to us that that fact indicates quite plainly that it was the intention of the testatrix to express a mere wish and that she had no intention of commanding that the thing she wished be done.

Again, in this case, there is no express trust, and it is fundamental that to raise a precatory trust the words of recommendation or of hope used by the testator, must be certain as regards the objects of the testator's bounty, and in this instance there is a total absence of any mention of the testatrix's bounty other than the parties to whom the fee simple title is given. If it can be said that the testator intended to create a trust, for whose benefit was the trust intended? No beneficiary is named except those to whom the estate is given in fee simple, and there is no limitation over in favor of anyone, and no suggestion of a forfeiture; and except for the technical legal meaning of the word "entailed," there is no hint of an intention to give a beneficial interest to the heirs of the body of Everton N. Fenn. There is mention made of "succeeding heirs," but it is plain that the word "heirs" was intended as one of limitation and not as an entailment; and we

think it quite evident that the word "entailed" was not used in its strict legal meaning, but was used to express a condition merely; and the presumption is against the intention to create estates tail, and this presumption must be overcome by language free from ambiguity (16 O Jur, "Estates," §33).

In the language used, we cannot find any indication of an intention to create a trust for the benefit of said cross-petitioners or of anyone else, nor do we find that the testatrix intended to entail her undivided one-fourth interest separate and apart from the other three-fourths. All that we can find in the language used is the mere expression of a wish or desire that the brothers to whom the undivided one-fourth interest is given, will keep the same, together with the three-fourths they already owned, in the family as a memorial to their mother, and not sell the same, so that it will pass down to succeeding heirs the same as it theretofore had during a long period of time, and that is merely precatory and entirely too indefinite and uncertain to affect the absolute estate already clearly given.

If the testatrix had expressed such wish in the form of a condition which did not prevent the vesting of the fee, such condition would have been unenforceable and would not have affected the absolute fee simple title that was given by the language preceding such condition.

"Lands were devised as follows: I give and bequeath the farm on which I now live, of two hundred and eighty-five acres, to my two sons, Thomas and Lincoln, upon the following conditions: 1. I direct that they, the said sons, shall not be allowed to sell and dispose of said farm until the expiration of ten years from the time my son, Charles Lincoln, arrives at full age, except to one another, nor shall either of my said sons have authority to mortgage or incumber said farm in any manner whatsoever, except in the sale to one another as aforesaid. Held,

"1. The devisees took a vested estate in fee simple.

"2. A violation of the so-called conditions did not work a forfeiture of the estate devised.

"3. The restraint attempted to be imposed on the power of the devisees to alien or incumber the estate was void, as repugnant to the devise and contrary to public policy."

**Anderson v Cary, 36 Oh St 506.**

A decree may be entered in favor of the plaintiffs quieting their title, as was done in the Common Pleas Court.

PARDEE, PJ and FUNK, J, concur.