## CARSON v ADVANCE TRANSPORTATION CO OF ILLINOIS

Ohio Appeals, 9th Dist, Lorain Co

No 803.   Decided Oct 30, 1936

R. H. Rice, Elyria, and Lawrence H. Job, Lorain, for appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, George William Cottrell, Cleveland, and Stevens & Stevens, Elyria, for appellant.

## OPINION

By WASHBURN, J.

George Carson recovered a judgment against the Advance Transportation Company for damage to his automobile and injuries suffered by him in a collision between his automobile and a truck which the jury was justified in finding was operated by the Advance Transportation Co. The cause is here on appeal on questions of law.

The collision occurred on the improved portion of a public highway in the country, said improved portion being a concrete pavement 30 feet in width, with a dirt berm on each side.

The pavement was practically level, and was covered with a thin glare of ice which was very slippery; the night was dark and stormy, and the visibility was poor.

The truck and semi-trailer was being operated in a westerly direction along the northerly edge of said pavement at a speed of about 20 miles an hour, and Carson was driving his car in an easterly direction along the southerly edge of said pavement at about 10 miles an hour.

Apparently, because of the very slippery condition of the pavement, each driver, in approaching the other, was attempting to leave as wide a space as possible between said vehicles while passing, but in some manner which it is difficult to determine with certainty from the evidence, said vehicles came into collision on said pavement, and each vehicle came to rest on its proper side of the road and off of the pavement, and each of them was headed in a direction opposite from the direction in which they were being operated before the collision.

The injury from the collision to the Carson car was to its right side, that being the side next to the edge of the pavement as said car was traveling before the collision, and the injury to the transportation company's truck was to its left side, that being the side away from the edge of the pavement as it was traveling before the collision.

No complaint was made in the pleadings that either of said vehicles was being operated in violation of any regulation or law as to speed, except that it was alleged that the rate of speed of the truck was "greater than was reasonable and proper, having regard for the circumstances then and there existing."

There was no claim made that the driver of the truck violated any law which would warrant the court in charging on the subject of negligence as a matter of law, and there was no evidence even suggesting that the driver of the truck violated any law which would render him guilty of negligence as a matter of law.

Notwithstanding that state of the pleadings and evidence, the trial court charged as follows:

"With reference to the truck and trailer involved in this case, the law is that if it be equipped with solid tires and if the combined weight of the vehicle and load is not over four tons, then a speed limitation of 20 miles an hour outside of the limits of a municipal corporation applies. If it be equipped with solid tires and the combined weight of the truck and load is over four tons, then a speed limitation of 15 miles an hour applies outside the limits of a municipal corporation.

"Coming now to the subject of a truck equipped with pneumatic tires; if the combined weight of the vehicle and its load is under three tons, then a speed limitation of 45 miles an hour outside of the limits of a municipal corporation would apply. If the combined weight of the vehicle and load is as much as three tons, but not more than six tons, then a speed limitation of

25 miles per hour would apply outside the limits of a municipal corporation.

"And, finally, if the combined weight of the vehicle and load upon pneumatic tires was over six tons, then a speed of 20 miles an hour outside the limits of a municipal corporation would apply.

"Upon the question of whether this truck involved in this case was equipped with solid or pneumatic tires, and upon the question of the combined weight of that truck and its load, the jury must look entirely to the evidence.

"* * *

"There are other statutory provisions, the violation of which would be negligence of itself, and if such negligence is the direct and proximate cause of damage to another, the person violating them is liable. The first of these sections reads as follows:

"'* * * no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead'."

There was a total absence of evidence as to whether the truck was equipped with solid or penumatic tires, and upon the of the tractor or load, and there was no evidence of any situation to which the assured clear distance statute could apply.

Under the circumstances enumerated, the trial court clearly erred in charging the jury as hereinbefore set forth.

In view of the sharp conflict in the evidence as to the manner in which the accident occurred and the difficulty of reconciling the proved physical facts with the theory of either party as to how it occurred, and in view of all of the conflicting inferences which the jury might draw from the circumstances, we hold that the error of the court in mentioning duties and obligations of the transportation company that had no application to the case, and especially the duty to drive its truck at a speed that would permit it to be stopped "within the assured clear distance ahead" and saying that a violation of that duty "would be negligence of itself," and that if such negligence was the direct and proximate cause of damage to another the person violating such duty would be liable, was prejudicial.

A witness for Carson had visited the scene of the collision about one and one-half hours after the occurrence thereof, and, with the aid of a light, had examined the situation.

What he saw and observed as to tracks and skid-marks was competent, but he was permitted to testify that the tracks and marks he saw leading towards the apparent place of collision were made by the transportation company truck. The witness did not see the accident and did not know anything that he was competent to testify to except what he saw, and from his description of what he saw it was the province of the jury to draw its own inferences as to how the tracks and marks he saw came to be there, and, from that and all of the other evidence, to determine whether such tracks and marks were made by said truck.

Instead of keeping the witness within the limits of proper and competent evidence, the court, over the objection of the transportation company, permitted the witness, who was merely asked to describe the marks, to testify, without a description of the marks, that "one of the tractor wheels had left a mark where it went just barely off of the pavement * * * (and) left a mud track leading from the north side of the road, gradually, towards the south side of the road * * *. At the point of the impact there were two skid marks of the front wheels of the tractor * * *. That's as near as I can describe the tracks," and the witness was also permitted to testify where the place of impact was, instead of describing what he saw and permitting the jurors to draw their own inferences, and from that and all of the evidence determine where the collision occurred.

The importance of this evidence is apparent when it is noted that Carson testified that the truck came over to his side of the pavement and there collided with his car, and the truck driver testified that Carson's car came over onto his side of the pavement and there collided with the truck.

Enough has been said to indicate that we hold that the trial court erred in its rulings on the objections to said testimony. Within the limits indicated, what we have said with reference to the testimony of said witness, applies also to the testimony of another witness who testified concerning tracks and marks on the roadway at the scene of the accident.

The question asked on cross-examination of a witness who had ridden with Carson and who had testified that she had a suit pending against the transportation company to recover for injuries received by her in the collision, which question was as

to how large her claim was, was competent, as bearing upon the extent of her interest as a witness, but there was no abuse of discretion and no prejudicial error in refusing to permit the question to be answered.

In view of the conclusion we have reached, it would not be expected that we should determine the question as to whether the verdict and judgment are against the weight of the evidence on the record as it is, but on the record as it is, we are unable, in view of the errors referred to, to certify that substantial justice has been done.

Judgment reversed and cause remanded.

FUNK, PJ, and STEVENS, J, concur in judgment.