**PRICE v THE TIMES-PRESS CO**

Ohio Appeals, 9th Dist, Summit Co

No 2930. Decided February 11, 1938

502

Raymond J. McGowan, Akron and Sheck, Marsteller & Wendelken, Akron, for appellant.

Musser, Kimber & Huffman, Akron, and Slabaugh, Seiberling, Huber & Guinther, Akron, for appellee.

## OPINION

PER CURIAM:

In this case, submitted as an appeal on questions of law, the appellant, who was plaintiff in the trial court, sought to recover damages for personal injuries suffered by her while riding in the automobile of a friend, which automobile collided with another automobile upon a public highway. The Times-Press Co., defendant in the trial court, is appellee in this court.

Plaintiff alleged that the automobile which collided with the one in which she was riding, was being operatel by an agent and employee of the defendant, and that said employee was at that time. acting within the scope and course of his employment.

The defendant denied that, in the driving of said automobile, the driver was its agent or employee, and also denied that he was negligent in the operation of the automobile.

Contributory negligence was also pleaded by the defendant, and of course there was the issue of proximate cause.

A general verdict was returned in favor of the defendant; and as there were no interrogatories propounded, there, were no answers to interrogatories to test the verdict of the jury.

A reading of the record leads us to the conclusion that the finding of the jury as to any of said issues was not manifestly against the weight of the evidence.

We find, however, that there was error in the admission of evidence upon the subject of negligence, in reference to conclusions drawn by witnesses concerning tire marks upon the highway.

Carson v Advance Transportation Co., 23 Abs 163.

We find also that there was error in reference to said issue in permitting a witness for the defendant to testify concerning what an unknown and unidentified person said, upon the theory that if said by a certain witness for plaintiff it would tend to impeach said. witness's testimony.

These errors in no way related to the issue as to whether the person alleged to be an agent and employee of the defendant, was such employee, and acting in the course of his employment in driving his automobile at the time and place of said collision, or was an independent contractor.

At the conclusion of the plaintiff's case and at the close of all of the evidence, the defendant asked the court to decide that issue—i. e., whether the driver was an agent or an independent contractor—as a matter of law and direct a verdict for the defendant, which the court declined to do. The court submitted said issue to the jury as a question of fact, and the record does not disclose any error in reference to such submission, unless the court should have decided that question in favor of the plaintiff as a matter of law.

The trial court had declined to determine said issue in favor of the defendant as a matter of law, and the court was not asked to determine it in favor of the plaintiff as a matter of law; further, at the conclusion of the charge of the court, counsel for the plaintiff made suggestions to the court in reference to the charge on said issue which indicated their acquiescence in the court's submitting the same to the jury.

As to the relationship. between the defendant and said employee, there was no written contract, and from the whole evidence upon that issue, we are unable to reach the conclusion that the court should have determined the same as a matter of law; or, in other words, we fail to find that it was error to submit said issue for determination by the jury.

If the jury found that issue in favor of the defendant, it was determinative of the

case. The issue was submitted to the jury free from error; and having been so submitted, the application of the two-issue rule—first announced in **Sites v Haverstick,** 23 Oh St 626—requires us to affirm the judgment.

Judgment affirmed.

STEVENS, PJ, WASHBURN, J & DOYLE, J, concur.