## O'HARA v CINCINNATI STREET RAILWAY CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 5939.   Decided May 12, 1941

Joseph Schwartz, Cincinnati, for appellant.

John M. McCaslin, Cincinnati, for appellee.

### OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County.  The action was brought by the plaintiff to recover damages from the defendant Street Railway Company, compensating her for a fracture of her leg, claimed to have been caused by the negligence of the defendant when the plaintiff attempted to enter one of the defendant's street cars.

The verdict and judgment were for the defendant.

The only assignment of error presented is that the court erroneously, to the prejudice of the plaintiff, refused the plaintiff on cross-examination of de-

fendant's witnesses the right to show by the admissions of such witnesses that they had been paid to testify in the case, or to lay the foundation for impeachment.

It is obvious that the plaintiff expected to lay such a foundation for impeachment of the credibility of the witness.

The trial court erroneously concluded that cross-examination is limited to matters to which the witness has testified in chief. Cross-examination has no such limitation. In 42 O. Jur. 354, it is stated:

"A witness may be cross-examined as to matters irrelevant to the issue, in order to discredit his testimony, as well as to matters directly material to the issue. As to the latter, the cross-examination cannot extend beyond the range of the direct examination; but as to collateral matters, the fullest inquiry must be allowed, whether they have been the subject of direct examination or not, since this line of inquiry is one of the most important purposes of cross-examination and the principal factor in establishing it as one of the chief agencies in the development of truth in judicial inquiries. As to the latitude which should be permitted in such cases, there have always been two views. One allows great liberality, provided the matters inquired about tend to affect his credit, because, if a witness may not be questioned as to his character, to ascertain the credit due him, the life, liberty, or property of a party may be endangered by being surprised by witnesses who confront him. The other view is that the witness's oath binds him to speak only the truth regarding the matters in issue, and no such latitude of cross-examination on irrelevant matters should be permitted as would tend to discourage witnesses from appearing in courts of justice to testify. Ohio has adopted the former view, it being held that questions on collateral matters may be allowed where there is reason to believe that such inquiry will tend to the ends of justice."

And again at page 360 in 42 O. Jur.:

"The fairness of a witness may be shown by cross-examination. Inquiries into the feeling or disposition of the witness to conceal' or pervert the truth are not to be excluded as being collateral. Accordingly, the interest of a witness in the result of the case may be shown by cross-examination. Thus, an accomplice may be asked if he expected to be prosecuted in case the defendant in the criminal action was convicted. The per diem which the prosecution has agreed to pay its witnesses in addition to the fees which they will receive under the statute is a proper subject of cross-examination."

See also: **Eggers v Norwood Industrial Loan Co., 61 Oh Ap 56; Carson v Advance Transportation Co., etc., 23 Abs 163.**

We do not hold that merely because the witness may have received compensation from the defendant that the testimony of such witness was unworthy of belief. Certain circumstances might make this true. But we do hold, and there is ample authority as indicated to support our conclusion, that the jury is entitled to know this or any other fact which will indicate under what circumstances the witness is testifying.

The party is also entitled to impeach the credibility of the witness for the same purpose. No profert is necessary. **Abercrombie v Roof, 64 Oh Ap 365, 373.**

The trial court, therefore, committed error in refusing the plaintiff the right to cross-examine the defendant's witness upon the question of compensation received from the defendant.

Was the error prejudicial to the plaintiff?

Only so much of the record is presented to this court as will show the cross-examination referred to.

There may have been in the record a mass of evidence which made the testimony of the witnesses in question wholly immaterial. Admissions may have been made in the plaintiff's case which raised conclusive presumptions against her. Did the jury find the defendant free from negligence or the plaintiff guilty of contributory negligence?

Were special interrogatories presented and answered settling these questions?

The two issue rule may or may not be applicable. Certainly, this court from the fragmentary record presented cannot say that error prejudicial to the plaintiff is present.

There are instances possibly where a partial record may show prejudice. This is not one of them.

The judgment is affirmed.

MATTHEWS, PJ. and HAMILTON, J., concur.