BILOVOCKI, APPELLEE, *v.* MARIMBERGA, APPELLANT, ET AL.

(No. 39122—Decided March 1, 1979.)

*Mr. Lawrence E. Stewart,* for appellee.
*Mr. Michael E. Banta,* for appellant.

DAY, J. Plaintiff-appellee, Anna Bilovocki (plaintiff), brought an action in equity against defendants, Anna Marimberga (appellant),[1] Helen Kramer, and Ohio Savings and Loan Association. Plaintiff sought the imposition of a "constructive trust" upon a joint and survivorship savings ac-

---

[1] Anna Marimberga is the only party appealing from the trial court's decision.

count created by plaintiff in the names of her daughters, appellant and Helen Kramer. The trial court ruled in favor of plaintiff. For reasons assessed below, the judgment of the lower court is modified and, as modified, is affirmed.

The funds in this account have their origin in three other joint and survivorship accounts held in the names of plaintiff, her husband, and Helen Kramer. Neither of plaintiff's daughters had contributed money to these accounts. Any of the named depositors could make withdrawals.

In 1973, $7,114.55 was transferred from the three accounts to a newly created one. The new account was in the names of plaintiff, her husband, Helen Kramer, and appellant.[2] The four persons named held the account as joint tenants with rights of survivorship. Any one of them could make withdrawals.

Mr. Bilovocki's name was removed from the account in 1974. In January 1975, plaintiff's name was deleted. The daughters' names remained on the account as joint tenants with rights of survivorship, although both signatures were now required for a withdrawal. Presentation of the bankbook was also necessary to make a withdrawal.

This litigation arose out of plaintiff's requests for money from this account, beginning in June 1975. While Helen Kramer was willing to sign a withdrawal slip, appellant refused to do so. Plaintiff then filed this lawsuit in April 1977, seeking to impress a constructive trust upon the account and to compel a return of the funds.

Appellant filed a timely appeal and assigned five errors. The assignments are set out in the margin.[3]

---

[2] Plaintiff and Helen Kramer maintained during plaintiff's case-in-chief that the new account was created solely in the names of plaintiff, her husband, and Helen Kramer. Both stated that appellant's name was added at a later date.

However, during defendant's case-in-chief, the original signature card for the account was introduced. It contained the signatures of plaintiff, her husband, and both daughters. The name Anna Regrut appears in the record. Anna Regrut and Anna Marimberga are the same person.

[3] *Assignments of Error:*

"I. The trial court erred in not allowing defendant-appellant's counsel to cross-examine defendant Kramer relative to her pending divorce proceeding, when the defendant Kramer had been called as a witness on behalf of the plaintiff, and which questioning would have disclosed a bias on that defendant's behalf in favor of plaintiff.

"II. The trial court erred in not allowing defendant-appellant's counsel to cross-examine plaintiff relative to her changing beneficiaries in her will subsequent to the

## I.

The third, fourth, and fifth assignments raise substantially the same issues and will be treated first and together. Under these assignments, appellant contends that plaintiff made an absolute gift[4] of the account to her daughters, and that the remedy of a constructive trust was unwarranted by the state of the evidence.

With respect to the remedy, appellant is technically correct. For a constructive trust has been defined as a remedial device for the prevention of fraud and unjust enrichment:

"A constructive trust is imposed where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. The duty to convey the property may arise because it was acquired through fraud, duress, undue influence or mistake, or through a breach of a fiduciary duty, or through the wrongful disposition of another's property. The basis of the constructive trust is the unjust enrichment which would result if the person having the property were per-

making of a gift of her savings account, which questioning, if allowed, would have disclosed a change in the relationship between plaintiff and defendant Marimberga and would have substantiated Marimberga's contention that the present denial of a gift arises from a shift in the relationship subsequent to the gift.

"III. The trial court erred in finding that there had been no delivery of the savings account passbook and in holding that, by reason thereof, a gift of the savings account had not been made.

"IV. The trial court erred in imposing a constructive trust without first finding that there had been an equitable fraud or unjust acquisition of title to the savings account passbook by the defendant Marimberga.

"V. The trial court erred in granting plaintiff the relief as prayed for, in that the burden of proof by clear and convincing evidence was not met by plaintiff."

[4] The trial court found that plaintiff kept the passbook in her possession at all times. Appellant does not challenge this finding of fact. The court also held that a gift was not made of the funds. Appellant's argument under the third assignment assumes that the trial court based its finding of "no gift" solely upon the failure of plaintiff to deliver the passbook to her daughters. However, the court's findings admit of no such conclusion. For it appears that the holding of "no gift" is premised upon all the facts and circumstances surrounding the transaction, not merely the lack of delivery of the passbook, which indicate that plaintiff did not intend to make a gift of the account.

A gift requires "delivery" in order to constitute a valid transfer of property, *Bolles* v. *Toledo Trust Co.* (1936), 132 Ohio St. 21, but a gift of a savings account does not necessarily require a transfer of the passbook to the donee in order to be a completed gift, see 1 A.L.R. 2d 538. Rather, whether a gift has been made of an account depends upon all the surrounding circumstances. Delivery of the passbook, or the absence of it, is merely one consideration and is not conclusive on the issue one way or the other. *Id.*

mitted to retain it. Ordinarily a constructive trust arises *without regard to the intention* of the person who transferred the property." 5 Scott on Trusts, Section 404.2 (1967). (Emphasis added.)

While there is some evidence that appellant knew she was to hold legal title as trustee, and that she thereafter refused to perform her duties this was not sufficient to support the requisite findings of fraud or unjust enrichment by "clear and convincing" evidence, see *Eckenroth* v. *Stone* (1959), 110 Ohio App. 1, 5. Moreover, a constructive trust is not the appropriate remedy where an *intent* to create a trust relationship exists.[5]

A constructive trust is impressed without regard to *intention*. In the instant case, the trial court found that plaintiff *intended* to create a trust with herself as sole beneficiary. Thus, the remedial device necessary here is not a constructive trust.

To be distinguished from a constructive trust is the entity known as a resulting trust. In this class of trusts, the courts seek to *enforce the intention* of the parties. The Supreme Court of Ohio noted the intent factor in *The First National Bank of Cincinnati* v. *Tenney* (1956), 165 Ohio St. 513, 515-516:

"A resulting trust has been defined as 'one which the court of equity declares to exist where the legal estate in property is transferred or acquired by one under facts and circumstances which indicate that the beneficial interest is not intended to be enjoyed by the holder of the legal title'. * * *

"The device has historically been applied to three situations: (1) Purchase-money trusts; (2) instances where an express trust does not exhaust the *res* given to the trustee; and (3) express trusts which fail, in whole or in part. 2A Bogert on Trusts, 405, Section 451."[6]

Therefore, if the facts of this case fall within one of these three situations, it is appropriate to impress a resulting trust.

Plaintiff and Helen Kramer testified that no gift was intended at the time of the creation of the account. The funds were to be used exclusively for plaintiff's benefit. The

---

[5] "A resulting trust arises where property is transferred under circumstances which raise an inference that the person who makes the transfer or causes it to be made did not intend the transferee to take the beneficial interest in the property." 5 Scott on Trusts, Section 440.1 (1967).

[6] See note 5, *supra*.

passbook, required for withdrawals, was in the possession of plaintiff at all times. All of the money in the account was accumulated by plaintiff and her husband. Both daughters' signatures were required in order to make withdrawals.

Based upon these facts, the trial court could reasonably find that plaintiff intended to create a trust. While appellant testified that a gift was, in fact, intended, the determination of the witnesses' credibility and the resolution of conflicts in the evidence were matters for the trier of facts, *Cross* v. *Ledford* (1954), 161 Ohio St. 469, 477-478. His finding that a gift was not intended is supported by substantial evidence.

However, the trial court's finding that a constructive trust was created is not supported by the evidence. Nor was there an express trust for there was no testimony sufficient to establish its terms (*p.e.*, whether plaintiff was to receive money whenever she asked for it, whether it was for her support, or whether the making of withdrawals was completely within the discretion of the trustees, her daughters). When such terms are not demonstrated by clear and convincing evidence, the trust must fail on the grounds of uncertainty of terms, Restatement of Trusts 2d, Section 65B (1959).

It is apparent that a resulting trust must arise here and that the trial court technically erred in holding that plaintiff "created" a constructive trust. Restatement of Trusts 2d, *supra*, at Section 411. Plaintiff intended to create a trust which has failed, but she has clearly and convincingly shown that she did not intend her daughters to have a beneficial interest in the account. A resulting trust has therefore been established by clear and convincing evidence, see *Eckenroth* v. *Stone, supra*, at 5.

## II.

Under the first and second assignments of error, appellant contends that the trial court erred in forbidding a line of questioning which would have disclosed plaintiff's witnesses' bias and motive for testifying.

The trial court excluded the proffered testimony on the grounds of relevance, notwithstanding the fact that this testimony did bear upon the witnesses' bias and motive for testifying. It is well settled that a witness may be cross-examined with respect to bias or motive that may affect

credibility, *Tullis* v. *State* (1883), 39 Ohio St. 200, 202; *Allen* v. *State* (1859), 10 Ohio St. 287, 306; *O'Hara* v. *Cincinnati Street Ry. Co.* (1941), 68 Ohio App. 7, 8-10. And the fact that a trial is to the bench does not justify the court's insulating itself from facts reflecting on the credibility of witnesses; see *Nationwide Insurance Co.* v. *Riggle* (1962), 173 Ohio St. 288, 289-290. Consequently, it was error for the trial court to refuse to permit this line of questioning. However, a careful examination of the record reveals that the hoped-for results of the cross-examination were discussed with the court but that no proffer of independent evidence was made.

Although the judgment of the trial court is modified with respect to proper terminology, such modification does not affect the ultimate disposition of the case. The order compelling the transfer of the account to plaintiff's name is modified to reflect the resulting trust remedy and as modified it is affirmed; see 5 Scott on Trusts, *supra,* at Section 410, Restatement of Trusts 2d, *supra,* at page 325.

*Judgment modified and affirmed.*

KRUPANSKY, P. J., and PATTON, J., concur.