JOURNAL ENTRY AND OPINION
Plaintiff-appellant Courtney Everhard appeals from the judgment of the trial court which refused to impose a constructive trust upon property transferred to defendant-appellee Patricia Morrow. Plaintiff claims defendant was not a bona fide purchaser for value and that embezzled funds she received were held in constructive trust. We find no error and affirm.
On December 17, 1993, Everhard filed this action against Donald Morrow, Olde Discount Corporation, and M.D. Capital, alleging that Morrow converted hundreds of thousands of dollars of Everhard's securities to his personal use. During the course of the litigation, Everhard joined additional defendants in the action, including Patricia Morrow, Donald Morrow's ex-wife. Everhard alleged that the converted securities were used to purchase property located at 3765 Ramsey Drive in Uniontown and that Patricia Morrow obtained this property from Donald Morrow in November 1993, pursuant to a modification of her separation agreement with him.
The matter was subsequently tried to the court on the following stipulated facts:
 1. Prior to September, 1993, Courtney Everhard was the owner of a portfolio of securities worth approximately two million dollars.
 2. Donald L. Morrow converted a portion of those securities and deposited them in his own name at Olde Discount Corporation. Donald Morrow subsequently caused these securities to be sold. The proceeds of this sale were $971,068.37, which Morrow converted to his own use by transferring the funds into various bank accounts in the name of or under the control of Donald L. Morrow and/or his mother, Ann K. Morrow.
 3. On October 18, 1993, Morrow caused $277,000.00 of the converted funds to be wired to Great Northern Bank Account No. 20151597, in the name of Donald L. Morrow. Prior to this transfer, the balance in this account was $6,887.05.
 4. Donald Morrow caused to be issued Official Check No. 11-42847, dated November 4, 1993 and in the amount of $165,000.00, to Ann Morrow, his mother. On November 5, 1993, this check was deposited in Bank One Account No. 600341680, in the names of Ann K. Morrow and Donald L. Morrow. Prior to this deposit, the balance in this account was $72.68.
 5. On November 11, 1993, $519,068.37 of funds derived from the sale of Courtney Everhard's securities were wire transferred from Olde Discount Corporation into Donald L. Morrow's Great Northern Bank Account No. 20115197. No other deposits had been made into this account since the wire transfer of October 18, 1993. No additional deposits were made to this account in November, 1993.
 6. On November 12, 1993, Donald Morrow caused official check no. 11-42978 to be issued from his Great Northern Bank account, in the amount of $515,000.00, to his mother, Ann K. Morrow. On the same day, this check was deposited in Bank One account no. 600341680, in the names of Ann K. Morrow and Donald L. Morrow.
 7. On November 23, 1993, Ann Morrow purchased with funds from the above account cashier's check no. 1184769, in the amount of $100,085.71, payable to Buckeye Reserve Title, for the purpose of purchasing real property at 3765 Ramsey Drive, Uniontown, Ohio for Patricia L. Morrow, pursuant to a property settlement agreement in connection with her divorce from Donald L. Morrow.
 8. Also on November 23, 1993, Ann K. Morrow issued a check from the Bank One account in the amount of $20,083.85, payable to Patricia Morrow.
 9. On November 30, 1993, Ann K. Morrow issued a check from the Bank One account in the amount of $4,193.09, payable to Buckeye Reserve Title, for the purpose of purchasing the Ramsey Drive property for Patricia Morrow.
 10. All of the above funds are directly traceable to the converted securities of Courtney Everhard.
 11. Donald L. Morrow was convicted of Grand Theft in connection with this theft on December 2, 1994 before the Court of Common Pleas for Summit County, Ohio.
 12. On or about that same date, Everhard recovered $444,000.00 from Donald L. Morrow, pursuant to order of the Court.
In addition, the parties stipulated to the following facts as set forth in Patricia Morrow's affidavit:
 I, Patricia Morrow being first duly sworn state the following:
 1. Donald Morrow and I were married on the 10th day of February, 1979.
 2. I filed a proceeding for divorce in the Summit County Court of Common Pleas in August, 1990.
 3. The matter proceeded to trial with the court rendering the decision attached hereto as Exhibit A on January 26, 1993.
 4. In or around November 1993 Donald Morrow and I entered into an agreement modifying the Court's judgment entry.
 5. I forwent all future alimony amounting to approximately $47,200.
 6. I agreed to forgive the payment of the debt owed to me by Donald Morrow's mother, Anne Morrow as set forth in the Judgment Entry.
 7. In addition I agreed to cancel the debt owed to me for attorney fees as set forth in the court's judgment entry.
 8. I also signed a deed transferring the property located at 151 Mission Dr. to Donald Morrow.
 9. An agreement was signed at the Summit County Child Support Enforcement Agency memorializing some aspects of the above agreement. Said entry is attached as exhibit B.
 10. In exchange for the valuable consideration set forth above I received property located at 3765 Ramsey Drive.
 11. The checks for the purchase of same were written by Anne Morrow, which was not unusual in my financial dealings with Donald Morrow.
 12. I had no knowledge of any illegal transfer of funds belonging to Courtney Everhard.
 13. I had not lived with Donald Morrow for several years before the divorce was final and had little knowledge of his financial situation.
On September 21, 1998, the trial court determined that Patricia Morrow was a bona fide purchaser and it entered judgment in her favor. Everhard now appeals and assigns a single error for our review.
Everhard's sole assignment of error states:
 I. THE TRIAL COURT ERRED IN HOLDING THAT PATRICIA MORROW DID NOT HOLD COURTNEY EVERHARD'S FUNDS IN A CONSTRUCTIVE TRUST.
In her assignment of error, plaintiff Everhard asserts that Patricia Morrow was not a bona fide purchaser for value of the Ramsey property because she gave no value for the funds used to purchase the home and that she was unjustly enriched at Everhard's expense. Therefore, it is argued that Patricia has no right to the property as against the original owner of the funds. We disagree.
Our standard of review in this matter is limited. It is well established that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. Furthermore, in Ohio, a constructive trust must be proven by clear and convincing evidence. Hill v. Irons (1953), 160 Ohio St. 21. Clear and convincing evidence is that sufficient to establish "in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469.
The constructive trust doctrine is an equitable remedy which permits a court to order a person who owns the legal title to property to hold or use the property for the benefit of another or to convey the property to another to avoid an unjust enrichment. Croom v. Mackey (Jan. 15, 1998), Cuyahoga App. No. 71135, unreported:
 A constructive trust is a trust created by operation of law against the holder of a legal right to property which that person should not, in equity and good conscience, hold or enjoy; it is a relationship associated with property subjecting the title holder to an equitable duty to convey it to another because otherwise the title holder would be unjustly enriched. Black's Law Dictionary (6 Ed. 1990) 314-315; see, also, Ferguson v. Owens (1984), 9 Ohio St.3d 223, 9 OBR 565, 459 N.E.2d 1293. A constructive trust will not attach to property acquired by a bona fide purchaser — one who acquires title to property for value and without notice of another's equitable interest in that property. See In re Bell Beckwith (C.A. 6, 1988), 838 F.2d 844, 845, citing Restatement of the Law, Restitution (1937), Section 172 (1).
Union S. L. Assn. v. McDonough (1995), 101 Ohio App.3d 273,276.
"It is well established that where unjust enrichment is found, it may serve as a basis for the operation of a constructive trust." Concepcion v. Concepcion (Mar. 18, 1999), Seneca App. No. 13-98-61, unreported, citing Ferguson v. Owens (1984), 9 Ohio St.3d 223,226. Unjust enrichment occurs when one person has and retains money or benefits which in justice and equity belong to another. Liberty Mut. Ins. Co. v. Indus. Comm. (1988), 40 Ohio St.3d 109,110-111; Hummel v. Hummel (1938), 133 Ohio St. 520. InBilovocki v. Marimberga (1979), 62 Ohio App.2d 169, 171, the court stated:
 "A constructive trust is imposed where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. The duty to convey the property may arise because it was acquired through fraud, duress, undue influence or mistake, and through a breach of fiduciary duty, or through the wrongful disposition of another's property. The basis of the constructive trust is the unjust enrichment which would result if the person having the property were permitted to retain it. Ordinarily a constructive trust arises without regard to the intention of the person who transferred the property." 5 Scott on Trusts, Section 404.2 (1967).
In this instance, the trial court determined that Patricia Morrow was a bona fide purchaser. There is no basis in the record for disagreeing with that finding of the trial court since it was supported by some competent and credible evidence.
The evidence submitted to the trial court indicated that Patricia obtained the real property at issue pursuant to a modification of her separation agreement with her ex-husband Donald Morrow, and that she had "no knowledge" that the funds through which Donald Morrow obtained the property were converted from Courtney Everhard.
Under the settlement agreement with Donald and in exchange for the Ramsey home, Patricia agreed to forego future alimony, over $150,000.00 in debts owed to her by Donald and attorneys' fees in the divorce action. Patricia also transferred property located at 151 Mission Drive, Wadsworth, Ohio. It is undisputed that Patricia had no knowledge that the funds used to purchase the Ramsey property had been converted from Everhard. If there was evidence to establish that Patricia had guilty knowledge, the burden was on plaintiff to produce that evidence. She did not do so.
The mere suggestion that, less than a year before modification of the separation agreement, Donald had numerous debts and an income of only $10,000 did not put Patricia on constructive notice as a matter of law that the later transfers from Donald's mother were the fruits of embezzlement. Patricia testified that in her financial dealings with Donald it was not unusual for his mother to write the checks. (Patricia Morrow Aff. ¶ 11). In any event, we must defer to the trier of fact in determining where the truth lies.
As discussed above, a constructive trust will not attach to property acquired by a bona fide purchaser — one who acquires title to property for value and without notice of another's equitable interest in that property. The basis of a constructive trust is the unjust enrichment that would result if the person having the property were permitted to retain it.
Based on these facts, there was sufficient evidence to support the trial court's judgment that Patricia acted in good faith and without knowledge of Everhard's equitable interest in the funds used to purchase the Ramsey home and that she gave valuable consideration for the home. We also find the record supports that Patricia gave substantial consideration for the home in waiving certain marital rights arising from the divorce and would not be unjustly enriched by retaining the property. Therefore, there was sufficient evidence for the trial court to find that Patricia was a bona fide purchaser for value. Accordingly, we find no basis for overturning the trial court's finding that no constructive trust existed in this case.
Plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., CONCURS, DYKE, J., DISSENTS. (SEEDISSENTING OPINION ATTACHED).
 ______________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
 DISSENTING OPINION