OPINION
Plaintiffs-appellants, John Donohoo II, Brian Goodpastor, and Angela Goodpastor Martin, appeal the decision of the Clermont County Court of Common Pleas, Probate Division, granting summary judgment in favor of defendants-appellees, Lisa Eccles, Nicole Ann Eccles, and Jennifer Ann Donohoo.[1] Finding no error by the court below, we affirm the decision of the trial court.
John and Ann Eccles were married in 1964 and remained married until Ann's death in 1984. Upon her death, Ann's will was admitted to probate without objection. The parties had no children, and under the terms of the will, John inherited her entire estate which included sixty shares of stock in Merchants National Bank of Hillsboro, Ohio ("MNB"). Ann had received the MNB stock as a gift from her mother.
Before her death, Ann discussed with John her desire that the MNB stock remain in her family and pass to her nieces and nephews. After Ann's death, John executed a will in which he specifically bequeathed all of the MNB stock to appellants, Ann's nieces and nephews. In 1988, John remarried. He executed a new will in 1990, in which he again bequeathed the sixty shares of MNB stock to appellants.
In November 1992, the MNB stock split five-for-one. Shortly thereafter John revised his will. Instead of leaving all of the MNB stock to appellants as he had in his previous wills, he bequeathed sixty shares (the original number of shares he inherited from Ann) to appellants, and the remainder of the shares to his second wife, Lisa Eccles. Following his death, this will was admitted to probate.
Appellants filed a complaint on May 20, 1997, alleging fraud, breach of contract, and unjust enrichment as a result of John's disposition of the MNB stock contrary to an agreement with his first wife, Ann. Both appellants and appellees filed motions for summary judgment. In an entry filed April 12, 1999, the trial court granted appellees' motion for summary judgment, denied appellants' motion, and dismissed the complaint. The trial court found no evidence of an inducement, by John, to cause his first wife, Ann, not to change her will to bequeath the stock directly to appellants. The trial court further concluded that any claims based on trust, unjust enrichment, or breach of contract were barred by the applicable statute of limitations. Appellants appeal, raising the following three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED BY FINDING NO CREDIBLE EVIDENCE TO SUPPORT A FINDING THAT JOHN ECCLES INDUCED ANN ECCLES TO CHANGE HER WILL AND GRANTED SUMMARY JUDGMENT TO APPELLEES.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY FINDING THAT THE STATUTE OF LIMITATIONS FOR AN ACTION ON THE GROUND OF FRAUD BEGAN TO RUN ON JUNE 4, 1984 AND GRANTED SUMMARY JUDGMENT TO APPELLEES.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED BY FINDING THAT THE STATUTE OF LIMITATIONS FOR AN ACTION BASED ON UNJUST ENRICHMENT OR BREACH OF CONTRACT BEGAN TO RUN ON JUNE 4, 1984.
In their first assignment of error, appellants contend that the trial court erred by granting summary judgment in favor of appellees. Appellants specifically state that the trial court erred by finding insufficient evidence to support their contention that John Eccles induced Ann Eccles not to change her will.
An appellate court must conduct a de novo review of a trial court's grant of summary judgment. Jones v. Shelly Co. (1995),106 Ohio App.3d 440, 445. Pursuant to Civ.R. 56 (C), summary judgment is appropriate only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing all evidence in favor of the nonmoving party, reasonable minds could reach only a conclusion in favor of the moving party. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
Appellants contend that John Eccles promised his wife, Ann, that he would distribute her shares of MNB stock to her nieces and nephews after her death. Appellants allege that this induced Ann not to change her will to name them as beneficiaries, and that the inducement was fraudulent, as John Eccles did not distribute the shares as promised. As a result, appellants argue that the court should impose an equitable trust in order to protect their interest in the stock. Although appellants provide a discussion of constructive trusts, they ultimately conclude that the imposition of a resulting trust is the appropriate remedy in the present case. Under Ohio law, equitable trusts are divided into two categories: resulting trusts and constructive trusts.Union Savings and Loan Assoc. v. McDonough (1995), 101 Ohio App.3d 273. The burden of proving the existence of a trust rests with the party asserting it. Hill v. Irons (1953), 160 Ohio St. 21,29. The existence of a trust must be proved by clear and convincing evidence. Eckenroth v. Stone (1959), 110 Ohio App. 1,5.
Resulting trusts are a means of enforcing the inferred or presumed intentions of the parties. Bilovocki v. Marimberga
(1979), 62 Ohio App.2d 169, 172. It is a trust "which the court of equity declares to exist where the legal estate in property is transferred or acquired by one under facts and circumstances which indicate that the beneficial interest is not intended to be enjoyed by the holder of the legal title." Id. It arises from a presumption or implication of an intent to create a trust.
In support of their assertion that a resulting trust is the appropriate remedy, appellants cite to Winder v. Scholey (1910),83 Ohio St. 204. In Winder, the testator wanted to leave his entire estate to the Miami Lodge. Upon receipt of poor legal advice, he was left with the impression that he could not directly will his estate to the Lodge. Acting on this advice, he sought out three friends to whom he could leave his estate. He asked that they each promise to convey his interest in the estate to the Lodge. However, after the testator's death, none conveyed the interest he had received. The Winder court held:
 Where a testator is induced to make an apparent absolute legacy by a promise, express or implied, on the part of the legatee that he will transfer the legacy to another, although no express trust is created, and although the legatee at the time of the promise intended no fraud, a court of equity may interfere to prevent a wrong, and declare the legatee a trustee ex maleficio for the protection of the testator's intended beneficiary.
Although appellants confidently state that the facts inWinder and in the present case are analogous, we do not agree. The evidence in Winder clearly indicated that the testator intended his estate to benefit the lodge. By requesting in no uncertain terms that his three beneficiaries hold his estate for the benefit of the lodge, a resulting trust arose. There is no question that the testator would not have formed his will as he did except for the assurances he received from the beneficiaries.
Unlike the words of the testator in Winder, the words Ann used in expressing her wish cannot be known with certainty since both John and Ann are now dead. In the present case, the evidence shows that Ann expressed to John her desire that the MNB stock remain in her family. However, precatory words are presumed to indicate no more than a request or an expectation, and are not sufficient to create a trust. Fenn v. Vogt (App. 1932), 11 Ohio Law Abs. 624, 625. A trust is not created unless the testator expresses an intention to impose an enforceable duty. Ohio Soc.For Crippled Children Adults, Inc. v. McElroy (1963), 175 Ohio St. 49,51.
Appellants have failed to present evidence that Ann expressed anything more than her desire that the stock pass to her nieces and nephews. Absent evidence to the contrary, Ann's expression of her desire is presumed to represent an unenforceable wish, not an intent to create a trust. Id. In spite of appellants' conclusion that a resulting trust is the appropriate remedy in this matter, the evidence does not support their assertion.
Appellants further argue that John's acquiescence in Ann's request and his subsequent failure to carry out her request constitute a fraudulent inducement not to change her will. A constructive trust may arise where a person, knowing that a testator in giving him a bequest intends that it be used for the benefit of a third party, promises to carry out the testator's intention and then fails to do so. Linney v. Cleveland Trust Co.
(1928), 30 Ohio App. 345.
A constructive trust is a remedial device for the prevention of fraud and unjust enrichment. Bilovocki, 62 Ohio App.2d at 171. It is imposed "where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."Id. (citations omitted). Thus, a constructive trust is created by operation of law against the holder of a legal right to property which that person should not, in equity and good conscience, hold or enjoy. Union Savings and Loan Assoc.,101 Ohio App.3d at 276 (citations omitted). A duty to convey the property arises because it was acquired through fraud, duress, undue influence or mistake, or through a breach of a fiduciary duty. Bilovocki, 62 Ohio App.2d at 340.
Appellants contend that the fraud in the present case occurred upon John's death when his will failed to devise the MNB stock to appellants, as John agreed he would do. Appellants assert that John's agreement induced Ann not to change her will, and that his agreement "was a significant factor in Ann Eccles' failure to change her will prior to her death."
However, it is precisely this evidence which is missing from the record. This assertion is entirely unsupported by the evidence. While it seems apparent that Ann did express her desire that the MNB stock remain in her family, and the parties concede that John agreed to this, appellants have failed to produce evidence that Ann relied on John's promise to distribute the stock to appellants.
In fact, appellants can point to no evidence which would indicate that Ann contemplated changing her will to leave the MNB stock to appellants. Rather, her will, which was in place prior to any discussions she had about the MNB stock, left the entirety of her estate to John. Although Ann subsequently expressed her desire that the MNB stock remain in her family, appellants have failed to demonstrate that John's assurances to Ann had any effect on the ultimate disposition of the stock through her will. A constructive trust may not be imposed simply because there has been a moral wrong. Croston v. Croston (1969), 18 Ohio App.2d 159. Appellants' claim of fraudulent inducement is simply unsupported by the evidence.
Appellants have failed to show, through clear and convincing evidence, that either a constructive or resulting trust must arise in order to prevent fraud or unjust enrichment. Appellants' first assignment of error is overruled. Having affirmed the decision of the trial court upon review of appellants' first assignment of error, we find that appellants' second and third assignments of error are moot.
Judgment is affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] Plaintiffs-appellants are the nieces and nephews of Ann Eccles, the deceased, first wife of John Eccles. Defendant-appellee, Jennifer Ann Donohoo, is Ann Eccles' niece, born after Ann's death. Defendant-appellee, Lisa Eccles, is John Eccles' second wife. Defendant-appellee, Nicole Ann Eccles, is Lisa Eccles' daughter, and the adopted daughter of John Eccles.