OPINION
Plaintiff-appellant, Linda Cole, appeals a decision of the Butler County Court of Common Pleas, Probate Division, finding that legal and equitable ownership of Key Bank investment account No. 2285-5384 passed to defendant-appellee, Barry Lee Cole, upon the death of his father, Bruce Cole. The decision of the trial court is affirmed.
Appellant and Bruce Cole were married in 1990, and remained married until Bruce's death in 1997. Bruce had one child, Barry Lee Cole, from a previous marriage. At the time they were married, appellant owned a home at 467 Vinnedge Avenue in Fairfield, Ohio. She purchased the home in 1987 for $66,600, making a down payment of $11,803.89. She financed the remainder of the purchase price. Appellant and Bruce lived at this home until it was sold in April 1997. They then moved to a home on Nottingham Drive in Fairfield.
Appellant made the monthly mortgage payments on the Vinnedge Avenue home out of her employment earnings until May 1991, when she stopped working. After May 1991, the couples' sole source of income came from Bruce's disability benefits. Bruce provided appellant with a monthly allowance which was deposited into her individual checking account. Appellant continued to make the monthly mortgage payments from her individual checking account until the home was sold on April 29, 1997.
Upon the sale of the Vinnedge Avenue home, appellant and Bruce received a check for $29,981.38, made jointly payable to Bruce and Linda Cole. The check was endorsed by both and deposited into a joint checking account. The couple subsequently purchased the Nottingham Drive home, making a down payment of $63,343.75 with money that Bruce inherited from his mother.
In April 1997, Bruce deposited $20,000 into a Key Bank investment account, No. 2285-5384 ("Key investment account"), titled to Bruce Cole, TOD (transfer on death), Barry Lee Cole. This initial deposit was made with money Bruce inherited from his mother. In May 1997, Bruce and appellant met with an investment advisor at Key Bank. At this meeting, Bruce withdrew $25,000 from their joint checking account and deposited it into the Key investment account. Although appellant was present, she did not know that the account was transferable on death to Barry, nor did she inquire as to any of the account details. Appellant did not discover that the account was payable to Barry until after Bruce's death.
Appellant filed a fourth amended complaint for declaratory judgment on January 11, 1999, requesting that the trial court establish a constructive trust over $25,000 of the funds in the Key investment account. Appellant contended that the May 1997 deposit consisted of her pre-marital funds, and that Barry should be held to be a constructive trustee over the funds. A hearing was held before the trial court on February 22, 1999. By entry filed March 16, 1999, the trial court found that legal and equitable ownership of the account passed to Barry upon Bruce's death and ordered that Key Bank disburse the funds to Barry. Appellant filed the instant appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT REFUSED TO IMPOSE A CONSTRUCTIVE TRUST ON THE $25,000.00 PROCEEDS FROM THE SALE OF LINDA COLE'S PREMARITAL PROPERTY.
In her sole assignment of error, appellant contends that the trial court erred by failing to impose a constructive trust over $25,000 of the funds deposited in the Key investment account. Appellant contends that the account was funded with money traceable to the Vinnedge Avenue residence, her premarital asset. Appellant therefore concludes that equity demands that a constructive trust arise in her favor in this amount.
A constructive trust is a remedial device utilized to prevent fraud and unjust enrichment. Bilovocki v. Marimberga (1979),62 Ohio App.2d 169, 171. It is imposed "where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." Id. (citations omitted). Thus, a constructive trust is created by operation of law against the holder of a legal right to property which that person should not, in equity and good conscience, hold or enjoy. Union Savings andLoan Assoc. v. McDonough (1995), 101 Ohio App.3d 273, 276
(citations omitted).
A duty to convey the property to the rightful owner arises because it was acquired through fraud, duress, undue influence or mistake, or through a breach of a fiduciary duty. Bilovocki,62 Ohio App. 2d at 171. However, a constructive trust may also be imposed where it is against principles of equity that the property be retained by a person, even though the property was acquired without fraud. Ferguson v. Owens (1984), 9 Ohio St.3d 223, 226. When construing constructive trusts, courts are required to apply the often quoted maxim, "equity regards done that which ought to be done." Id.
The burden of proving the existence of a constructive trust rests with the party asserting it. Hill v. Irons (1953), 160 Ohio St. 21,29. Its existence must be demonstrated by clear and convincing evidence. Eckenroth v. Stone (1959), 110 Ohio App. 1,5. A trial court's decision regarding the existence of a constructive trust will not be reversed where it is supported by some competent, credible evidence going to all the essential elements of the case. Robbins v. Warren (May 6, 1996), Butler App. No. CA95-11-200, unreported, citing Seasons Coal Co., Inc. v.City of Cleveland (1984), 10 Ohio St.3d 77, 80.
Appellant does not allege actual fraud on the part of her deceased husband or his son. Rather, appellant contends that equity demands that she receive the funds because they are traceable to her premarital asset.
An interest in real property acquired prior to marriage is considered separate property. R.C. 3105.171(A)(6)(a). Pursuant to R.C. 3105.171(A)(6)(b), the commingling of separate and marital property does not destroy the character of the separate property, unless its identity as separate property is not traceable. Freytag v. Freytag (Aug. 15, 1994), Butler App. No. CA93-11-223, unreported, at 6. In order to determine whether separate property has lost its separate character after being commingled with marital property, the party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Franklin v. Franklin (June 8, 1994), Summit App. No. 16366, unreported.
The parties agree that appellant made a down payment of $11,803.89 on the Vinnedge Avenue residence prior to the marriage, and that she made the mortgage payments until she stopped working in May 1991. From May 1991 until the time the house was sold in April 1997, Bruce provided appellant the funds with which she made the monthly payments. Appellant made approximately forty-five monthly payments, while Bruce provided the funds for approximately seventy monthly payments. As Bruce's contributions were at least as great as appellant's, appellant cannot now claim that all of the equity in the home was premarital. However, appellant failed to present an accounting or other evidence which would establish what portion of the sale proceeds are traceable to her premarital interest in the property.
Appellant has further failed to point out the inequity which would result if a constructive trust is not imposed over the account. Bruce, her deceased husband, clearly intended to leave a portion of his estate to his son, Barry Lee. Bruce inherited a substantial sum of money from his mother, and wished to provide for his son in a similar manner. Even so, under the terms of Bruce's will, appellant still received the bulk of Bruce's estate, including cash accounts and his investment in the marital residence.
Appellant cites to several cases in support of her claim for a constructive trust. However, none are particularly relevant in the present analysis. A number of the cases cited by appellant involve situations in which a constructive trust is imposed over the proceeds of a life insurance policy, when the insured names a beneficiary contrary to the terms of an enforceable separation agreement. See Aetna Life Ins. Co. v. Hussey (1992), 63 Ohio St.3d 640;Kelly v. Medical Life Ins. Co. (1987), 31 Ohio St.3d 130;Bailey v. Prudential Ins. Co. of America (1997), 124 Ohio App.3d 31. However, in the present case, Bruce was under no legal obligation to name appellant as a beneficiary. Appellant also cites to Dixon v. Smith (1997), 119 Ohio App.3d 296, as a "remarkably similar" case. However, Dixon dealt with an individual who intentionally defrauded his cohabitant with promises of marriage. In the present case, appellant has not alleged actual fraud but rather relies solely on other equitable principles.
We find that the decision of the trial court denying appellant's claim for a constructive trust is supported by competent and credible evidence. Appellant failed to demonstrate any inequity as a result of the transfer of the account, and further failed to adequately establish what portion of the funds deposited in the Key investment account are traceable to her premarital investment in the Vinnedge Avenue home. Appellant's assignment of error is overruled.
Judgment affirmed.
 _____________________________ VALEN, J.
POWELL, P.J., and KERNS, J., concur.
Kerns, J., retired of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.