OPINION
Defendant-appellant, Anna Lockhart, appeals from the decision of the Columbiana County Court of Common Pleas granting plaintiff-appellee's, Nancy Champ's, motion for summary judgment.
On November 29, 1997, appellant's mother, Patricia McKinnon (decedent), died. She left a savings account holding $85,725.23 as the primary asset of her estate. The savings account was opened on July 7, 1975 in decedent's and appellant's names. At some later unknown date, appellee, decedent's next-door neighbor, was added to the account. Decedent left a will which instructed that her entire estate be divided equally among her five children.
Appellee filed a complaint for a declaratory judgment to establish her entitlement to one-half of decedent's savings account. Subsequently, appellant and appellee both filed motions for summary judgment. The trial court granted appellee's motion for summary judgment in its judgment entry of August 16, 2000. Appellant filed a timely notice of appeal from this judgment on September 14, 2000.
Appellant raises a single assignment of error, which states:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF."
In the case of Wright v. Bloom (1994), 69 Ohio St.3d 596, the Ohio Supreme Court dealt with the issue of whether extrinsic evidence was admissible in determining a deceased party's intent with regard to a joint and survivorship bank account. The court held that joint accounts containing survivorship language conclusively establish a joint party's right to the balance remaining in the account after the death of the other joint party. Id. at paragraphs one and two of the syllabus.
Appellant first argues that the trial court misapplied Wright's
holdings to the facts of this case. She asserts that because Wright
involved the opening of a bank account and this case involves adding a name to an account after opening it, Wright does not control the case at hand.
In the alternative, appellant argues that based on equity and fairness, the savings account should be reformed to conform to the understanding of the beneficiary (appellee). Appellant maintains that the evidence clearly establishes that appellee did not intend that she be given an interest in decedent's account. Therefore, appellant contends that the account could not be a joint and survivorship account because appellee never understood the nature of the contract she entered into. She claims that since there was no "meeting of the minds" between decedent and appellee, a valid contract could not be formed for the savings account.
Finally, appellant argues that appellee should not be unjustly enriched at the expense of decedent's family. She asserts that appellee's one-half of the savings account money should be placed in a constructive trust for the beneficiaries of decedent's estate.
The Ohio Supreme Court set out the standard for considering motions for summary judgment in Dresher v. Burt (1996), 75 Ohio St.3d 280 . The court stated:
 "[W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence [emphasis sic.] of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293.
Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.
State ex rel. Parsons v. Flemming (1994), 68 Ohio St.3d 509, 511. When reviewing a summary judgment case, appellate courts are to apply a denovo standard of review. Cole v. American Indus. and Resources Corp. (1998), 128 Ohio App.3d 546, 552.
Summary judgment is appropriate when there is no genuine issue of material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995),104 Ohio App.3d 598, 603.
Wright, supra, involved the question of whether the creator of a joint and survivorship account must intend to transfer a present interest as well as a survivorship interest in the account to the other party or parties named on the account. The Ohio Supreme Court held:
 "The survivorship rights under a joint and survivorship account of the co-party or co-parties to the sums remaining on deposit at the death of the depositor may not be defeated by extrinsic evidence that the decedent did not intend to create in such surviving party or parties a present interest in the account during the decedent's lifetime." Id. at paragraph one of the syllabus.
The court further held that:
 "The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death." Id. at paragraph two of syllabus.
This court has previously acknowledged and applied these principles. See, Estate of Sammartino v. Bogard (Sept. 16, 1999), Mahoning App. No. 97-CA-77, unreported, 1999 WL 771083. Given the holdings of Wright, the outcome of this case turns on two questions: (1) what type of account is at issue; and (2) is there any evidence that tends to demonstrate fraud, duress, undue influence or lack of capacity on decedent's part.
The savings account at issue is a joint and survivorship account. This is evidenced by joint Exhibits A and B, which include the signature card signed by decedent and appellant and the document identifying the account owners as "Patricia McKinnon," "Anna Lockhart," and "Nancy J. Champ." Both documents state that the account is joint with rights of survivorship. Also, joint Exhibit B provides the rules governing the different types of accounts. It states:
 "Joint Account With Survivorship (And Not As Tenants In Common) Such an account is issued in the name of two or more persons. Each of you intend that upon your death the balance in the account * * * will belong to the survivor(s)."
Since the savings account is a joint and survivorship account, we cannot consider any extrinsic evidence of decedent's intent. Furthermore, given that the account was indeed a joint and survivorship account, we must consider the second question at issue. No evidence exists on the record that might demonstrate fraud, duress, undue influence or lack of capacity on decedent's part.
The parties stipulated to the following facts. The savings account was opened on July 7, 1975, with appellant and decedent as signatories. The account was subsequently modified at an unknown date to include appellee as a signatory. The balance of the account was included in decedent's account for estate tax purposes but was not a specific probate asset. Decedent's will left all of her probate assets in equal shares to her five children.
Decedent was in failing health during the years immediately preceding her death. Appellee's deposition testimony indicated that decedent added appellee's name to her checking account so that appellee could write checks for her to pay her bills while she was ill. Appellee went to the bank with decedent and signed a signatory card and her name was added onto decedent's checks. Appellee does not remember signing a form to place her on the savings account.
The only difference between the facts in Wright and the facts of the case at bar is that Wright dealt with the opening of a joint and survivorship account whereas this case deals with a situation where decedent added appellee to the account at some later date, after she opened the account. After examining the reasoning behind the court's holding in Wright, it becomes clear that Wright applies equally to the facts of this case. The court opined that efforts to determine survivorship rights by a post-mortem evaluation of extrinsic evidence of the depositor's intent are flawed and offer no predictability. Id. at 604. The court stressed the need for uniformity. It went on to reason that the only way to ensure that depositors can make informed decisions as to whether to open a joint and survivorship account is to make clear that the terms of the account are conclusive of their intent to transfer a survivorship interest. Id. at 604.
The court's reasoning applies equally to the situation where a depositor opens a joint and survivorship account and later adds another signatory. The need for predictability, uniformity, and informed decisions on the part of the depositor exists in both situations.
As to appellant's unjust enrichment argument, no evidence exists on the record to support such a claim. Unjust enrichment occurs when a person retains money or benefits, which in equity belong to another person.Hummel v. Hummel (1938), 133 Ohio St. 520 . A constructive trust is imposed when a person holding title to property is subject to an equitable duty to convey the property to another on the ground that he would be unjustly enriched if he retained it. Bilovocki v. Marimberga
(1979), 62 Ohio App.2d 169, 171. Fraud, duress, undue influence and mistake raise a duty to convey the property to the rightful owner. Id. A court may also impose a constructive trust where it is against principles of equity that a person retain property even though the property was acquired without fraud. Ferguson v. Owens (1984), 9 Ohio St.3d 223, 226.
As stated above, no evidence exists in this case that demonstrates fraud, duress, undue influence or lack of capacity. Nor has appellant established appellee is retaining money that rightfully belongs to someone else. Therefore, a constructive trust is not an available remedy.
In sum, there being no genuine issue of material fact and construing the evidence most strongly in appellant's favor, reasonable minds can only conclude that appellee is entitled to judgment as a matter of law.
Accordingly, appellant's sole assignment of error is without merit.
Therefore, the decision of the trial court is hereby affirmed.
Waite, J., concurs, DeGenaro, J., concurs.