835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Winifred ROOT, Plaintiff-Appellant,
v.
CONSOLIDATED FREIGHTWAYS Corporation of Delaware, Inc.,
Defendant-Appellee.
 No. 86-6149.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1987.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and ROBERT M. McRAE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is a case brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621 et seq. The district court heard the case without a jury and entered judgment in favor of the defendant, Consolidated Freightways Corporation of Delaware, Inc. The plaintiff, Winifred Root, contends that she was unconstitutionally denied a jury trial in violation of the Seventh Amendment.
 
 
 2
 The complaint, which contained a jury demand, was filed on December 1, 1981.[1] A pretrial conference was held on June 16, 1986. Early in the conference the district judge read into the record a memorandum from the Administrative Office of the United States Courts, which had been prepared at the direction of the Executive Committee of the Judicial Conference. It directed all United States district judges to suspend civil jury trials temporarily. It stated that this action was necessitated by a funding shortfall caused by the implementation of the Gramm-Rudman-Hollings Balanced Budget and Emergency Deficit Control Act. The memorandum further informed district judges that the suspension was to remain in effect from June 16, 1986, through the end of the fiscal year (September 30, 1986) or until such earlier time as additional funds were made available.
 
 
 3
 After the memorandum had been read in its entirety, counsel for the plaintiff addressed the court as follows:
 
 
 4
 As to this case, plaintiff has always been perfectly confident of the Court's fairness and justice ... and the propriety of the Court hearing it.... [W]e are perfectly willing to go ahead and enter into any kind of order the Court would phrase. We feel it should be a conditional order that if prior to Monday, the funds are released and the jury would be here, it would be a jury case. Otherwise, the Court will hear it.
 
 
 5
 Counsel for the defendant stated no objection to this procedure; accordingly, a pretrial order was entered which provided that, by agreement of the parties, the case would be tried to the court if funds for civil jury trials had not been allocated by Friday, June 20, 1986.
 
 
 6
 Because the Administrative Office did not rescind its directive until June 27, 1986, the case was tried as scheduled on June 23, 1986. The court entered judgment for the defendant on August 14, 1986, and the plaintiff moved for a new trial on the ground that she had been unconstitutionally denied her Seventh Amendment right to a trial by jury. The district court found that the plaintiff, through counsel, had waived her right to a jury trial and denied the motion. The plaintiff does not appeal the district court's decision on the merits of her case, she appeals the denial of her motion for a new trial.
 
 
 7
 The facts of this case, however, simply do not support the assertion that the plaintiff was denied a jury trial. An ADEA plaintiff has an express statutory right to a trial by jury. 29 U.S.C. Sec. 626(c)(1). Whether the plaintiff's right to a jury trial is founded exclusively on the statute or on both the statute and the Constitution, it may be waived. See, Fed.R.Civ.P. 38(d). The plaintiff has asserted that for her waiver to be effective, it must meet the same standards which are applicable to a waiver of a jury trial in a criminal case. This assertion is inaccurate. The Sixth Amendment guarantee of a jury trial in a criminal prosecution also may be waived, but only if the waiver is in writing, the government and the trial court consent, and it is voluntary, knowing, and intelligent. United States v. Martin, 704 F.2d 267, 271 (6th Cir.1983).
 
 
 8
 Rule 38(d) provides that a party may waive a trial by jury in a civil case by merely failing to timely file and serve a jury demand. Such a waiver is complete and binding "even though it was inadvertent and unintended and regardless of the explanation or excuse." Washington v. New York City Board of Estimate, 709 F.2d 792, 797-98 (2nd Cir.1983), cert. denied, 464 U.S. 1013 (1983); see also, Misco v. U.S. Steel Corp., 784 F.2d 198, 203 (6th Cir.1986) ("As a general rule, a district court will not abuse its discretion in denying a Rule 39(b) motion if the only justification is mere inadvertence.") The right to a jury also may be waived by failing to object to a bench trial and subsequently fully participating in the trial. United States v. 1966 Beechcraft Aircraft Model King Air A 90 Cream with Burg & Gold Stripes, 777 F.2d 947, 950-51 (4th Cir.1985).
 
 
 9
 In this case, the plaintiff not only fully participated in the trial without objecting to the absence of a jury, she also, through counsel, expressly waived her right to a jury trial. The plaintiff asserts that her waiver was involuntary and ineffective because her motivation for it was, in part, a desire not to offend the trial court; however, there is no evidence to support that assertion.
 
 
 10
 Under these circumstances, the plaintiff's waiver of a jury was effective and binding. Accordingly, the district court's denial of the plaintiff's motion for a new trial is affirmed.
 
 
 
 *
 The Honorable Robert M. McRae, Senior Judge, United States District Court for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Robert E. Root was the original plaintiff. Upon his death in 1983, his wife, Winifred Root, was substituted as plaintiff