DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Lube Kotefski, Mirco Jovanovski, Risto Cosevski, Lubomir Ilievski, and Avram Marenovski (collectively "the officers"), former officers of St. Clement of Ohrid Macedonian Orthodox Church, appeal from a judgment of the Lorain County Court of Common Pleas in favor of Kristin Jovanovski and other present and former church members (collectively "the members") on behalf of the church. This Court reverses and remands.
 I. {¶ 2} On June 2, 2000, the members filed a complaint against the officers, who had been in control of the finances at the church.[1]
The members alleged that the officers had *Page 2 
misappropriated bingo funds and otherwise financially mismanaged church funds. The complaint was endorsed with a demand for a jury trial.
 {¶ 3} On December 15, 2005, the members filed a written waiver of their demand for a jury trial. On December 27, 2005, in apparent response to the members' written waiver of a jury trial, three of the officers filed a signed document in which they affirmatively stated that they "are still requesting a Jury Trial" and that they "do not want to Waive a Jury Trial."
 {¶ 4} On January 6, 2006, the same three officers filed another document noting that, because they had never agreed to waive the demand for a jury trial, the waiver requirements of Civ. R. 39 had not been met and they were therefore entitled to a trial by jury.
 {¶ 5} Throughout the case file, the record reflects conflicting notices about whether the matter would be tried to the bench or to a jury. On December 12, 2006, the trial court ordered each party to brief the issue of the officers' right to a jury trial and that the court would "rule thereafter." On May 14, 2007, the trial court ordered that the case would proceed to a bench trial on May 21, 2007. The trial court explained that it was persuaded by the members' arguments that the officers were not entitled to a jury trial.
 {¶ 6} Following a bench trial, the trial court entered judgment in favor of the members on behalf of the church and against the five named officers and awarded damages in the amount of $623,621.06 plus costs and interest.
 {¶ 7} The officers appeal and raise six assignments of error. This Court will confine its review to the first assignment of error because it is dispositive. *Page 3 
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE [OFFICERS] WAIVED THEIR RIGHT TO A JURY TRIAL BECAUSE THE REQUIREMENTS OF CIV.R. 39[A] WERE NOT MET[.]"
 {¶ 8} Through their first assignment of error, the officers contend that the trial court improperly denied their right to a jury trial. The officers do not dispute that only the members made a formal demand for a jury trial and that the members later withdrew their jury demand. The focus of the parties' dispute is whether the officers also had a right to a jury trial, despite their failure to make a separate jury demand, and, if so, whether the officers consented to withdrawal of the jury demand.
 {¶ 9} The parties focus on the operative language in Civ. R. 38(D) and Civ. R. 39(A). Civ. R. 38(D) provides:
 "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."
 {¶ 10} Civ. R. 39(A) further provides:
 "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist. The failure of a party or his attorney of record either to answer or appear for trial constitutes a waiver of trial by jury by such party and authorizes submission of all issues to the court."
 {¶ 11} The trial court did not explain its reasons for concluding that the officers were not entitled to a jury trial, other than to state that it was persuaded by the members' arguments. *Page 4 
Consequently, this Court will examine the legal arguments that the members briefed in the trial court.
 {¶ 12} First, the members asserted that, because the officers did not file their own jury demand, they waived any right to a jury trial. The members asserted that because they were the only parties to make a jury demand, they could unilaterally withdraw it.
 {¶ 13} It was the members' apparent understanding that each party must make a separate jury demand to preserve any right to a jury trial. They relied on the first sentence of Civ. R. 38(D): "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury." The members cited no case law in support of their position, however, nor did they explain the meaning of the second sentence in Civ. R. 38(D): "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."
 {¶ 14} Ohio case law is clear that once any party makes a proper jury demand, the demand applies to the entire action and all parties, regardless of which party made the demand, and can be waived only as provided by Civ. R. 39(A). In Skidmore Hall v. Rottman (Sept. 2, 1987), 9th Dist. No. 1582, this Court explained that, unless a jury demand is explicitly limited to specific issues as provided in Civ. R. 38(C), any party's demand for a jury applies to all triable issues. Thus, a jury demand that was raised in a reply to a counterclaim applied to all issues contained in the complaint and counterclaim, even after the counterclaim was later dismissed, and there could be no effective waiver of the jury demand without compliance with Civ. R. 39(A). See id.
 {¶ 15} The Ohio Supreme Court explicitly adopted the reasoning ofSkidmore that "once a general jury demand is made pursuant to Civ. R. 38, the only ways to waive such right are *Page 5 
found in Civ. R. 39(A)." Soler v. Evans, St. Clair Kelsey (2002),94 Ohio St.3d 432, 438. "Civ. R. 38(D) states that once a party has demanded a jury trial, the demand cannot be withdrawn without the consent of the parties." Id. The court further emphasized that "once a general jury demand is timely asserted, a second demand need not be made[.]" Id. at 437.
 {¶ 16} As the Seventh District Court of Appeals explained in West v.Scott (Dec. 6, 2001), 7th Dist. No. 01 CA 24:
 "The language of section (A) and (D) require [sic] a party to demand a jury trial, but it states that the parties must consent to the withdrawal. Civ. R. 38 specifically uses the singular and plural uses of the word party. The clear meaning of use of party and parties means that any one party can demand a jury, but all parties to the lawsuit must consent to the withdrawal of the demand. The language does not specify that consent is only needed from the parties who demanded a jury trial." Id. See, also, Hollman v. Keegan (2000), 139 Ohio App.3d 911, 916.
 {¶ 17} Because the record clearly reveals that the members made a timely general jury demand, triggering the operation of Civ. R. 38 and Civ. R. 39, it could not be withdrawn by them unilaterally. Instead, it was necessary that all parties consent to waive their right to a jury trial pursuant to the terms of Civ. R. 38(D) and Civ. R. 39(A). Consequently, the jury demand was not effectively withdrawn unless the members also consented to the withdrawal by one of the means set forth in Civ. R. 39(A).
 {¶ 18} The members maintained that the officers consented to a waiver of a jury trial by the former counsel of three of the five defendants orally consenting to a bench trial during a pretrial conference and by signing court notices of a "court trial" and "bench trial." The members again cited no case law to support their position and the record fails to support their argument.
 {¶ 19} To begin with, the attorney who allegedly consented to the bench trial represented only three of the five officers. This Court does not place great emphasis on the fact that the *Page 6 
attorney represented only three of the five defendants, however, because the defendants who were not represented by the attorney did not ultimately appear for trial, which constituted a waiver of a jury trial by those defendants. See Civ. R. 39(A).
 {¶ 20} More significantly, the attorney allegedly consented to a bench trial at a pretrial conference that was not recorded. This Court's review is confined to the record before us. See, e.g., Ostrander v.Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 74. Because the attorney's alleged consent appears nowhere in the record, it cannot constitute an "oral stipulation made in open court and entered in the record[.]" See Civ. R. 39(A).
 {¶ 21} Next, the members pointed to two court orders as alleged consent by the officers to withdrawal of the jury demand. InSoler, supra, the Ohio Supreme Court emphasized that the operative language of Civ. R. 38 and Civ. R. 39 is almost identical to the language of their federal counterparts, Fed.R.Civ.Proc. 38 and 39. "Thus, federal cases provide guidance to our interpretation of these rules."Soler, 94 Ohio St.3d at 437, fn.8. On the issue of whether a party has validly waived its right to a jury trial, federal case law is clear that any such waiver must be clear and unequivocal. "`[T]he right of jury trial is fundamental, [and] courts [must] indulge every reasonable presumption against waiver.'" Heyman v. Kline (C.A.2, 1972),456 F.2d 123, 129, quoting Aetna Ins. Co. v. Kennedy (1937), 301 U.S. 389, 393. "[T]he usual procedure for waiver of the right [is] too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation." Heyman at 129. A waiver requires "some express action by the party or his attorney which evidences his decision not to exercise the right [to trial by jury]."Bowles v. Bennett (C.A.5, 1980), 629 F.2d 1092, 1095.
 {¶ 22} The record before this Court fails to reveal any clear and unequivocal consent by the officers to withdrawal of the jury demand. The members pointed to two court orders as *Page 7 
demonstrating the officers' consent to a bench trial. As will be explained below, those orders are ambiguous at best and fail to demonstrate clear and unequivocal consent by the officers to waive their right to a jury trial.
 {¶ 23} The first order, filed May 8, 2006, stated that a pretrial conference was held that date and that another pretrial conference was set for July 6, 2006. The order further indicated that "[a] Bench Trial will be scheduled at the Pre-trial Conference." Three of the five officers signed the top of the order, next to the defendant designation in the caption. The members maintained that, by signing the order, the officers indicated their consent to a bench trial.
 {¶ 24} The second order is similarly vague. That order, filed with the court on November 3, 2006, states in full: "Case called for a pretrial. Case is set for court trial on December 11, 2006 at 8:30 A.M." At the top of the order, next to the defendant designation in the caption, the former attorney signed his name.
 {¶ 25} The signatures at the top of these orders provide no clear evidence of consent to withdrawal of the jury demand. It is impossible to determine the significance of these signatures from the record before us. The record does not indicate when the orders were signed, why they were signed, or whether any language appeared on the orders at the time they were signed. The signatures do not follow or agree to any operative language in the order; they merely appear at the top in the caption. As each order indicates that a pretrial conference was held that date, the top of each page may have been signed as those parties or representatives appeared for the pretrial, indicating nothing more than their presence at those pretrial conferences. Moreover, there is no language anywhere in either order to indicate that the officers had approved of or consented to a trial without a jury or that they otherwise agreed to waive their right to a jury trial. *Page 8 
 {¶ 26} The signatures on these two orders cannot be interpreted as clear and unequivocal consent of the officers to withdrawal of the jury demand. It is further apparent from the record that the trial court and the parties did not construe the signatures on either the May 6 or the November 3 order as consent to a bench trial because the parties continued to dispute the jury trial issue and the trial court continued to issue notices of an upcoming "jury trial."
 {¶ 27} Although the trial court stated in its May 8, 2006 order that a "Bench Trial" would be set at the pre-trial, on September 29, 2006, the trial court filed an order that indicated that the "Jury Trial" had been continued.
 {¶ 28} After the November 3 order, the record reflects continued uncertainty about whether the matter would be tried to a jury or to the bench. On December 12, 2006, the trial court continued the trial until May 21, 2007, and ordered each party to brief the issue of the officers' right to a jury trial and stated that the court would "rule thereafter." On December 15, 2006, the members filed a memorandum explaining why they believed that the officers had no right to a jury trial under either Civ. R. 38 or Civ. R. 39. The officers did not file a brief to support their position that they had a right to a jury trial.
 {¶ 29} On April 30, 2007, the trial court indicated in another pretrial notice that the "case remains set for a jury trial on May 21, 2007 at 8:30 A.M." The court also ordered each side to submit jury instructions to the court by May 10, 2007.
 {¶ 30} On May 14, 2007, the members filed proposed jury instructions and verdict forms. The officers did not file proposed jury instructions.
 {¶ 31} On May 14, 2007, the trial court determined that the officers did not have a right to a jury trial, but the record failed to reflect that the officers had consented to a withdrawal of the jury demand pursuant to the terms of Civ. R. 38(D) and Civ. R. 39(A). Consequently, the trial *Page 9 
court improperly denied them their right to a jury trial in this case and the matter must be remanded for that reason. The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FINDING BOARD OFFICER AVRAM MARENOVSKI JOINTLY AND SEVERALLY LIABLE FOR FRAUD, NEGLIGENCE, AND BREACH OF FIDUCIARY DUTY BECAUSE SUCH CLAIMS WERE NOT ALLEGED AGAINST HIM IN THE COMPLAINT[.]"
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THE [OFFICERS] LIABLE FOR NEGLIGENCE PER SE BASED ON R.C. 2915.09 BECAUSE THE STATUTE DOES NOT PROVIDE FOR CIVIL LIABILITY[.]"
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 FIFTH ASSIGNMENT OF ERROR "THE TRIAL COURT'S AWARD OF $128,000 FOR LOST BINGO PROFITS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE RECORD DOES NOT CONTAIN COMPETENT, CREDIBLE EVIDENCE OF LOST PROFITS[.]"
 SIXTH ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE [OFFICERS] STIPULATED TO [THE MEMBERS'] ATTORNEYS' FEES BECAUSE THE RECORD IS VOID OF SUCH A STIPULATION[.]"
 {¶ 32} Because the officers' remaining assignments of error have been rendered moot by this Court's disposition of their first assignment of error, they will not be addressed. See App. R. 12(A)(1)(c).
 III. {¶ 33} The officers' first assignment of error is sustained. The remaining assignments of error will not be addressed because they have been rendered moot. The judgment of the *Page 10 
Lorain County Court of Common Pleas is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellees.
Slaby, J., Dickinson, J., concur.
[1] Although there were other defendants during the proceedings, including the church, the diocese, and a sixth named officer, this Court will confine its discussion to the officers named above who have appealed the judgment against them. *Page 1