[Cite as *Goddard v. Goddard*, 192 Ohio App.3d 718, 2011-Ohio-680.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

GODDARD,                                :
                                        :
        Appellee,                       :        Case No. 10CA3343
                                        :
        v.                              :
                                        :
GODDARD;                                :        **Released: February 7, 2011**
                                        :
        GODDARD,                        :
                                        :        <u>DECISION AND JUDGMENT</u>
        Appellant.                      :        <u>ENTRY</u>

_____

<u>APPEARANCES:</u>

Southeastern Ohio Legal Services and Tammy L. Greenwald, for appellee.

The Blume Law Firm, L.L.C., and T. Kevin Blume, for appellant.

_____

        Per Curiam.

        {¶ 1} Defendant-appellant, Mike Goddard, appeals the trial court's decision that declared plaintiff-appellee, Alma Goddard, the legal owner of a piece of real estate. Appellant raises two arguments that he contends warrant a reversal of the trial court's decision. First, he asserts that the trial court deprived him of his right to a jury trial. Appellant did not file a timely answer in the action. Therefore, under Civ.R. 39(A), he waived his right to a

jury trial.  Moreover, appellant never objected to the lack of a jury trial and readily proceeded with a bench trial, presented evidence, and cross-examined witnesses.  Under these circumstances, we conclude that appellant waived his right to a jury trial.  Appellant next argues that the trial court's decision is against the weight of the evidence or contrary to law.  Specifically, he contends that no evidence supports the trial court's decision that his brother, Carl Goddard, delivered a deed conveying the disputed property to appellee.  The record contains some competent and credible evidence that Carl delivered the deed to appellee.  Moreover, we may uphold the trial court's judgment on the alternate basis that the evidence fully supports the imposition of a constructive trust over the property in appellee's favor.  Consequently, we overrule appellant's two assignments of error and affirm the trial court's judgment.

I

FACTS

{¶ 2}  Appellee is the elderly mother of appellant and Carl.  Before July 1, 2002, appellee and Carl jointly owned property located on Grace Street, in New Boston, Ohio.  On July 1, 2002, appellee conveyed her interest in the property to Carl.  In return, Carl agreed to care for his mother

for the remainder of her life and to allow her to continue to reside in the home.

{¶ 3} In February 2007, Carl informed appellee that he had to move from the home because he is a sexually oriented offender and the Grace Street property sits less than 1,000 feet from a school. He advised appellee that he wished to convey the property to appellee, solely in her name. Appellee thus hired an attorney to prepare a quitclaim deed conveying the property from Carl to appellee. Carl executed the quitclaim deed and appellee gave him money to record it. Carl told appellee that he had recorded it. However, she later learned that Carl had never recorded the deed.

{¶ 4} In March 2007, appellee fell gravely ill and was hospitalized. While hospitalized, she requested another son, John, to retrieve some of her personal items from the Grace Street property. Carl refused to allow John into the home.

{¶ 5} In April 2007, appellee learned that Carl had listed the property for sale. Appellee later learned that Carl had transferred the home to appellant. On May 4, 2007, appellant filed a deed that purported to transfer the Grace Street property from Carl to appellant. Appellant moved into the home and has not permitted appellee access to the home.

{¶ 6}   On May 16, 2007, appellee filed an amended complaint against Carl, Carl's wife, and appellant.  She requested the court to declare that she either has a life estate in the property or that because the May 4, 2007 deed is invalid, she is the sole legal owner.  She also asserted that Carl and his wife breached the agreement to care for her for the rest of her life and to allow her to live in the home.  Appellee alleged that that the deed conveying her interest to Carl is therefore invalid due to a failure of consideration.

{¶ 7}   Carl filed a pro se answer and a pro se motion to dismiss.

{¶ 8}   On September 12, 2008, appellee filed a motion for default judgment against Carl's wife, which the court subsequently granted.

{¶ 9}   On September 23, 2008, appellant entered an appearance in the action by filing a pro se "motion to dismiss default judgment" entered against him.  However, the record does not contain any evidence that the court entered a default judgment against him.

{¶ 10}  After a bench trial, the court declared appellee the sole legal owner of the Grace Street property.  The court found that (1) Carl executed a valid deed transferring the Grace Street property to appellee but did not record it, (2) on April 10, 2007, appellee filed an affidavit of facts relating to title, putting any subsequent purchasers on notice that there was an issue regarding title, (3) appellant had actual and constructive notice of the

unrecorded deed from Carl to appellee, (4) appellant did not pay Carl for the property, and (5) the May 4, 2007 deed is null and void. This appeal followed.

## II

## ASSIGNMENTS OF ERROR

{¶ 11} Appellant raises the following assignments of error:

First Assignment of Error:

The Trial Court erred in holding a Trial to the Court and not conducting a Jury Trial.

Second Assignment of Error:

The Judgment of the Trial Court is contrary to Law in that there was no evidence to establish that the deed from Carl Willard Goddard to Alma Goddard was ever delivered to the Grantee.

## III

## JURY TRIAL

{¶ 12} In his first assignment of error, appellant argues that the trial court violated his right to a jury trial. We disagree with appellant.

{¶ 13} Civ.R. 38(B) states: "Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such

issue. Such demand shall be in writing and may be indorsed upon a pleading of the party."

{¶ 14} Once a party properly demands a jury, the demand may not be withdrawn "without the consent of the parties." Civ.R. 38(D). "Ohio case law is clear that once any party makes a proper jury demand, the demand applies to the entire action and all parties, regardless of which party made the demand, and can be waived only as provided by Civ.R. 39(A)." *Jovanovski v. Kotefski*, Lorain App. Nos. 07CA009203 and 07CA009223, 2008-Ohio-4773, at ¶14; see also *West v. Scott* (Dec. 6, 2001), Mahoning App. No. 01CA24, 2001 WL 1568880 (stating that "any one party can demand a jury, but all parties to the lawsuit must consent to the withdrawal of the demand" and that the rules do "not specify that consent is only needed from the parties who demanded a jury trial").

{¶ 15} Further, once a party properly demands a jury, Civ.R. 39(A) sets forth "the only ways to waive [a jury]." *Soler v. Evans, St. Clair & Kelsey* (2002), 94 Ohio St.3d 432, 438, 763 N.E.2d 1169. Civ.R. 39(A) sets forth the three situations in which the Civ.R. 38 right to a jury will not apply. First, the right will not apply when "the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting

without a jury." Civ.R. 39(A). Second, the right will not apply when "the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist." Id. Third, the right will not apply when "a party or his attorney of record either [fails] to answer or appear for trial." Id.

{¶ 16} In *Huffer v. Cicero* (1995), 107 Ohio App.3d 65, 72, 667 N.E.2d 1031, we applied Civ.R. 39(A) and concluded that a litigant's failure to file a timely answer constitutes a waiver of a jury trial. In *Huffer*, the plaintiff had properly demanded a jury, but the defendant had not. Instead, the defendant filed an untimely answer in which he demanded a jury. The plaintiff subsequently requested to withdraw his jury demand and to proceed to a bench trial. The defendant objected, but the court nonetheless permitted the plaintiff to withdraw his jury demand.

{¶ 17} On appeal, we rejected the defendant's assertion that the trial court erred by failing to hold a jury trial. We explained:

> We agree that generally when one party has requested a trial by jury, a trial by jury must be granted unless both parties consent to try the action before the court. See Civ.R. 38(D); Civ.R. 39(A) and Commentary. However, Civ.R. 39(A) also states in part that: "The failure of a party or his attorney of record either to answer or appear for trial constitutes a waiver of trial by jury by such party and authorizes submission of all issues to the court."

> In this case, [the defendant] failed to file a timely answer to the complaint. Further, when [the defendant] finally did submit an answer over six months later, [the defendant] failed to first obtain leave of court and make a showing of "excusable neglect" as mandated by Civ.R. 6(B). See Civ.R. 6(B)(2); *Miller v. Lint* (1980), 62 Ohio St.2d 209, 16 O.O.3d 244, 404 N.E.2d 752; *McDonald v. Berry* (1992), 84 Ohio App.3d 6, 616 N.E.2d 248. Because [the defendant] never filed a valid answer in this case, the trial court correctly found that [the defendant] waived his right to a jury trial under Civ.R. 39(A). As a result, we overrule [the defendant]'s first cross-assignment of error.

Id. at 72.

{¶ 18} The same analysis applies in the case at bar. Appellee demanded a jury trial. Appellant never filed a proper answer. Even if we construed his pro se "motion to dismiss" as an answer, it was untimely. Thus, because appellant did not file a timely answer in the action, he waived his right to a jury trial under Civ.R. 39(A).[1]

{¶ 19} Additionally, appellant never once objected to the trial court proceeding without a jury. Several courts have held that a party may not

---

[1] While we might question whether appellant would be entitled to a jury trial in this action (i.e., is the action legal or equitable; is it for the recovery of specific real estate?), because we have concluded that appellant waived any right he may have, we do not find it necessary to determine whether he would be entitled to a jury trial in this action. We do note, however, that the authors of Ohio Civil Practice suggest that the legal-equitable distinction does not apply, but rather, the question is simply whether the action is, for example, one for the recovery of specific real estate. 2 Klein & Darling, Civil Practice (2d Ed.2004), Section 38:13; see R.C. 2311.04 ("Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived or unless all parties consent to a reference under the Rules of Civil Procedure"). Despite the authors' suggestion, it appears that the majority of Ohio appellate courts continue to apply the legal-equitable distinction. See *Parkview Fed. Sav. Bank v. Grimm*, Cuyahoga App. No. 93899, 2010-Ohio-5005; *Takis, L.L.C. v. C.D. Morelock Properties, Inc.,* 180 Ohio App.3d 243, 2008-Ohio-6676, 905 N.E.2d 204; *Tipp City v. Watson*, Miami App. No. 02CA43, 2003-Ohio-4836; *Rutledge v. Wallace*, Carroll App. No. 02AP-770, 2002-Ohio-5372; *McCarley v. O.O. McIntyre Park Dist.* (Feb. 11, 2000), Gallia App. No. 99CA07, 2000 WL 203997; *Ashmore v. Eversole* (Nov. 29, 1996), Montgomery App. No. 15672, 1996 WL 685568; *First Natl. Bank of Southwestern Ohio v. Miami Univ.* (1997), 121 Ohio App.3d 170, 180, 699 N.E.2d 523.

stand idly by while the court conducts a bench trial and then complain on appeal that the court should have held a jury trial. The leading Ohio case adopting this rule appears to be *Nenadal v. Landerwood Co.* (May 12, 1994), Cuyahoga App. No. 65428, 1994 WL 189375. In reaching its holding, the *Nenadal* court looked first to federal cases construing the analogous federal rule and observed that the federal courts "have held that the right to a jury may be waived by failing to object to a bench trial and subsequently fully participating in the trial." Id. at *4, citing *Royal Am. Managers, Inc. v. IRC Holding Corp.* (C.A.2, 1989), 885 F.2d 1011, 1018; *Root v. Consol. Freightways* (C.A.6, 1987), 835 F.2d 879; *United States v. 1966 Beechcraft Aircraft Model King Air* (C.A.4, 1985), 777 F.2d 947, 950-951. *Nenadal* further recognized that the federal courts hold that the parties may waive the right to a jury trial through their conduct. Id., citing 9 C. Wright & A. Miller, Federal Practice and Procedure (1971), Section 2321.

{¶ 20} The *Nenadal* court's reasoning further rested upon the well-settled principle that "a party waives his right to raise for the first time on appeal that error which was not raised at the trial below." Id. The court explained that it "would be 'patently unfair' and, 'in effect, [an] "ambush [of the] trial judge" on appeal' if appellant were allowed 'to lodge an early demand for a jury,' participate in a bench trial without objection, and then

assign as error the failure to honor the jury demand." Id., quoting *Royal*, 885 F.2d at 1018.

**{¶ 21}** The Eleventh District Court of Appeals applied this same rule in *Abbe Family Found. & Trust v. Portage Cty. Sheriff*, Portage App. No. 2005-P-0060, 2006-Ohio-2497. In that case, the court held: "A party may waive his or her right to a jury trial, even after filing a jury demand, by participating in a trial before the court without objecting to the lack of a jury." Id. at ¶47, citing *Foremost Ins. Co. v. Gimbel Agency, Inc.* (Aug. 29, 1997), Portage App. No. 96-P-0203, 1997 WL 585941; *Nenadal*, 1994 WL 189375; and *Cavanaugh Bldg. Corp. v. Liberty Elec. Co.* (Apr. 28, 1999), Summit App. No. 19146, 1999 WL 247219. The *Abbe* court noted that the litigants could have objected, but failed to do so. The court thus concluded that the litigants were "estopped from alleging this error on appeal as it could have been addressed by the trial court at an earlier stage." Id. at ¶48; see also *Toma v. Toma*, Cuyahoga App. No. 82118, 2003-Ohio-4344. But see *Carl Sectional Home, Inc. v. Key Corp.* (1981), 1 Ohio App.3d 101, 439 N.E.2d 915 (holding that a properly demanded jury trial cannot be waived by silence).

**{¶ 22}** Similarly, in the case at bar, appellant participated, without objection, in a bench trial and never once complained about the lack of a

jury. He could have objected at any time but did not. Therefore, he is estopped from arguing on appeal that the trial court should have held a jury trial.

{¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

IV

{¶ 24} In his second assignment of error, appellant argues that the trial court's judgment is against the manifest weight of the evidence or contrary to law because appellee did not present any evidence to establish an essential element of her claim. Specifically, appellant asserts that appellee failed to present any evidence that Carl delivered the 2007 deed to her. Appellant contends that in the absence of that evidence, the trial court could not have concluded that appellee is the legal owner of the Grace Street property.

A

FAILURE TO REQUEST FINDINGS OF FACT AND CONCLUSIONS OF LAW

{¶ 25} Appellant did not request the trial court to issue Civ.R. 52 findings of fact and conclusions of law. Moreover, the trial court did not outline the exact reasons underlying its decision. However, in the absence

of a proper Civ.R. 52[2] request for findings of fact and conclusions of law, it had no independent duty to do so. The failure to request findings of fact and conclusions of law ordinarily results in a waiver of the right to challenge the trial court's lack of an explicit finding concerning an issue. See *Pawlus v. Bartrug* (1996), 109 Ohio App.3d 796, 801, 673 N.E.2d 188; *Wangugi v. Wangugi* (Apr. 12, 2000), Ross App. No. 2531, 2000 WL 377971; *Ruby v. Ruby* (Aug. 11, 1999), Coshocton App. No. 99CA4, 1999 WL 668556. When a party fails to request findings of fact and conclusions of law, we ordinarily presume the regularity of the trial court proceedings. See, e.g., *Bunten v. Bunten* (1998), 126 Ohio App.3d 443, 447, 710 N.E.2d 757; see also *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 356, 421 N.E.2d 1293; *Security Natl. Bank & Trust Co. v. Springfield City School Dist. Bd. of Edn.* (Sept. 17, 1999), Clark App. No. 98-CA-104, 1999 WL 812372; *Donese v. Donese* (Apr. 10, 1998), Green App. No. 97-CA-70, 1998 WL 165012. This means that we generally must presume that the trial court applied the law correctly and must affirm if some evidence in the record supports its judgment. See, e.g., *Bugg v. Fancher,* Highland App. No. 06CA12, 2007-Ohio-2019, at ¶10, citing *Allstate Fin. Corp. v. Westfield Serv. Mgt. Co.* (1989), 62 Ohio App.3d 657, 577 N.E.2d 383; see also *Yocum v. Means,*

---

[2] Civ.R. 52 states: "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Darke App. No. 1576, 2002-Ohio-3803, at ¶ 7 ("The lack of findings obviously circumscribes our review"). As the court explained in *Pettet v. Pettet* (1988), 55 Ohio App.3d 128, 130, 562 N.E.2d 929:

> [W]hen separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with [its] judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence. The message is clear: If a party wishes to challenge the * * * judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise his already "uphill" burden of demonstrating error becomes an almost insurmountable "mountain."

See also *Bugg; McCarty v. Hayner,* Jackson App. No. 08CA8, 2009-Ohio-4540, at fn. 1. Consequently, in the case at bar, we will presume the regularity of the trial court proceedings, in the absence of evidence to the contrary.

B

STANDARD OF REVIEW

{¶ 26} We will not reverse a trial court's judgment in a civil action unless it is against the manifest weight of the evidence. A trial court's judgment is not against the manifest weight of the evidence so long as some competent and credible evidence supports it. See, e.g., *C.E. Morris Co. v.*

*Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. In determining whether a trial court's judgment is against the manifest weight of the evidence, a reviewing court must not reweigh the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273. Under this highly deferential standard of review, we do not decide whether we would have come to the same conclusion as the trial court. *Amsbary v. Brumfield,* 177 Ohio App.3d 121, 2008-Ohio-3183, 894 N.E.2d 71, at ¶11. Instead, we must uphold the judgment so long as the record contains "some evidence from which the trier of fact could have reached its ultimate factual conclusions." Id., citing *Bugg v. Fancher,* 2007-Ohio-2019, at ¶9. Moreover, we presume that the trial court's findings are correct because the trial court "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the proffered testimony." See, e.g., *Seasons Coal Co.* at 80; *Jones v. Jones,* Athens App. 07CA25, 2008-Ohio-2476, at ¶18. This means that the trier of fact is free to believe all, part, or none of the testimony of any witness who appears before it. *Rogers v. Hill* (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591. Furthermore, an appellate court should not substitute its judgment for that of the trial court when the

record contains competent, credible evidence going to all the essential elements of the case. *Seasons Coal*.

C

DELIVERY OF DEED

{¶ 27} In the case at bar, the trial court determined that Carl "executed a valid deed transferring" the Grace Street property but that he failed to record it. Appellant claims that the trial court erred by finding that the deed validly transferred the property because the record contains no evidence that Carl delivered the deed to appellee. While appellant may be correct that there is no direct evidence that Carl physically delivered the deed to appellee, the record contains some competent and credible evidence that Carl "delivered" the deed.

{¶ 28} A deed must be delivered to be operative as a transfer of ownership of land. *Kniebbe v. Wade* (1954), 161 Ohio St. 294, 297, 118 N.E.2d 833. "Delivery imports transfer of possession or the right to possession of the instrument with the intent to pass title as a present transfer. It is essential to delivery that there not only be a voluntary delivery, but there must also be an acceptance thereof on the part of the grantee, with the mutual intention of the parties to pass title to the property described in the deed." (Emphasis deleted.) Id. at 297. If the grantee possesses the deed,

then a presumption of delivery exists.  See id.  However, manual delivery is not essential.  See *Dukes v. Spangler* (1878), 35 Ohio St. 119; *Lessee of Shirley v. Ayres* (1846), 14 Ohio 307, 45 Am.Dec. 546, paragraph one of the syllabus ("It is not essential to the validity of a deed, that it be actually delivered to, or ever pass into the hands of the, grantee").  Instead, " 'the fact of delivery may be found from the acts of the parties preceding, attending, and subsequent to the signing, sealing, and acknowledgment of the instrument.' "  *In re Kusar's Estate* (1965), 5 Ohio Misc. 23, 33, 211 N.E.2d 535, quoting *Dukes* at paragraph one of the syllabus.

{¶ 29} Recording a deed perfects delivery.  See *Candlewood Lake Assn. v. Scott* (Dec. 27, 2001), Franklin App. No. 01AP-631, 2001 WL 1654288, citing *Romaniw-Dubas v. Polowyk* (Aug. 10, 2000), Cuyahoga App. No. 75980, 2000 WL 1144784.  However, "a deed does not have to be recorded to pass title.  Whether or not recorded, a deed in Ohio passes title upon its proper execution and delivery, so far as the grantor is able to convey it."  *Wayne Bldg. & Loan of Wooster v. Yarborough* (1967), 11 Ohio St.2d 195, 212, 228 N.E.2d 841.  Furthermore, "[a]ctual manual delivery of a deed is not always required to effectuate the grantor's intention to deliver; the filing and recording thereof being prima facie evidence of delivery, in the absence of any showing of fraud."  *Behymer v. Six*, Morgan CA02-006,

2002-Ohio-6403, at ¶13, citing *Frank v. Barnes* (1931), 40 Ohio App. 328, 337, 178 N.E. 419, citing *Lessee of Mitchell v. Ryan,* 3 Ohio St. 377.

{¶ 30} In the case at bar, the trial court could have determined that appellee's testimony sufficiently demonstrated that Carl delivered the deed to her. Appellee testified that Carl executed the deed and showed it to her. She stated that she gave him money to record the deed and that he informed her that he had recorded it. Based upon this testimony, and in the absence of contrary evidence, the trial court could have found that Carl had a present intention to transfer the property and thus, that he delivered the deed. The record does not contain any direct evidence of Carl's intent. Rather, the record contains only appellee's testimony as to what Carl told her upon execution of the deed. Simply because Carl did not record the deed does not mean that he did not deliver the deed. Moreover, a valid delivery does not require the grantor to physically deliver the deed to the grantee. Here, Carl led appellee to believe that he had effected a valid transfer of the property. Because Carl did not testify at trial, his precise intention at the moment he executed the deed is unknown, but appellee's testimony sufficiently demonstrates that he possessed a present intention to transfer the property to her.

D

## CONSTRUCTIVE TRUST

{¶ 31} Here, even if the foregoing facts do not sufficiently show that Carl delivered the deed to appellee, we may uphold the trial court's judgment on an alternate basis. See, e.g., *State ex rel. Galloway v. Cook*, 126 Ohio St.3d 332, 2010-Ohio-3780, 933 N.E.2d 807, at ¶4, quoting *State ex rel. Swain v. Bartleson,* 123 Ohio St.3d 125, 2009-Ohio-4690, 914 N.E.2d 403, ¶1 (" 'We will not reverse a correct judgment simply because some or all of a lower court's reasons are erroneous' "); *State ex rel. McGrath v. Ohio Adult Parole Auth.,* 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, at ¶8 ("Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous"). The evidence demonstrates that even if appellant validly held legal title, appellee is entitled to a constructive trust over the property and an order directing appellant to convey the property to her.

{¶ 32} A constructive trust is a remedial device used to prevent fraud and unjust enrichment. See *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, 847 N.E.2d 405, at ¶19, citing *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 9 OBR 565, 459 N.E.2d 1293, and *Aetna Life Ins. Co. v. Hussey* (1992), 63 Ohio St.3d 640, 642, 590 N.E.2d 724. The *Ferguson* court further described it as follows:

"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee. * * * A court of equity in decreeing a constructive trust is bound by no unyielding formula."

*Ferguson* at 225-226, quoting *Beatty v. Guggenheim Exploration Co.* (1919), 225 N.Y. 380, 386, 389, 122 N.E. 378; see also *Cosby v. Cosby,* 96 Ohio St.3d 228, 2002-Ohio-4170, 773 N.E.2d 516. " '[A] constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud.' " *Estate of Cowling* at ¶ 19, quoting *Ferguson* at 226, citing 53 Ohio Jurisprudence 2d (1962) 578-579, Trusts, Section 88; V Scott on Trusts (3d Ed.1967) 3412, Section 462. " 'By imposing a constructive trust, a court orders a person who owns legal title to property to hold or use the property for the benefit of another or to convey the property to another to avoid unjust enrichment.' " *Bishop v. Bishop*, 188 Ohio App.3d 98, 934 N.E.2d 420, 2010-Ohio-2958, at ¶17, quoting *Groza-Vance v. Vance*, 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15, at ¶15. "Ordinarily a constructive trust arises without regard to the intention of the person who transferred the property." *Bilovocki v. Marimberga* (1979) 62 Ohio App.2d 169, 172, 405 N.E.2d 337, citing V Scott, Section 404.2. However, "[t]he duty to convey the property may arise because it was

acquired through fraud, duress, undue influence or mistake, or through a breach of a fiduciary duty, or through the wrongful disposition of another's property. The basis of the constructive trust is the unjust enrichment which would result if the person having the property were permitted to retain it." *Bilovocki v. Marimberga* 171-172, citing V Scott, Section 404.2. " 'In applying the theories of constructive trusts, courts also apply the well known equitable maxim, "equity regards [as] done that which ought to be done." ' " *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, 847 N.E.2d 405, at ¶19, quoting *Ferguson,* 9 Ohio St.3d at 226, 9 OBR 565, 459 N.E.2d 1293, quoting V Scott at 3412, Section 462.

{¶ 33} In the case at bar, appellee testified that Carl signed the deed and that he showed her a copy of the signed deed. She further testified that she gave Carl money to record the deed and that he told her he had recorded it. Carl's failure to actually record the deed might show that (1) his original intention was fraudulent, (2) after he transferred the property to appellee, he changed his mind, or (3) he forgot to record the deed. In any event, his actions led appellee to believe that he intended to transfer the property to her and that he had properly recorded the deed. However, his subsequent transfer of the property to appellant lends support to the theory that Carl intended to defraud appellee. Carl obviously knew that appellee believed

that she held title to the property when he attempted to transfer the property to appellant. And the trial court found that appellant had actual and constructive notice that Carl had an unrecorded deed that conveyed the property to appellee. Carl's and appellant's actions suggest that they attempted to defraud appellee of property that rightfully belongs to her. It would be against the principles of equity if appellant were to retain the property, even if his actions were not fraudulent. Equity dictates that appellee be declared the rightful owner of the Grace Street property. Consequently, even if the facts do not establish "delivery," we can uphold the trial court's judgment on the alternate basis that the trial court could have determined to impose a constructive trust and enter an order directing appellant to convey the property to appellee. The trial court undoubtedly reached the correct result, and we will not reverse its judgment, even assuming its reasoning was erroneous.

{¶ 34} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

MCFARLAND, J., concurs.

HARSHA, P.J., and KLINE, J., concur separately.

_____

HARSHA, Presiding Judge, concurring:

{¶ 35} I concur in judgment and opinion regarding the first assignment of error and in Judge Kline's disposition of the second assignment of error.

_____

KLINE, Judge, concurring:

{¶ 36} I concur in judgment and opinion but write separately to explain my reasoning for overruling appellant's second assignment of error. I would overrule this second assignment of error based *only* on the competent, credible evidence establishing the constructive delivery of the deed.

{¶ 37} The narrow question is whether the following facts can demonstrate constructive delivery of a deed. The mother transferred the property to the son in exchange for her lifetime care. The son moved in with his mother but eventually could not carry out his end of the bargain. So, he decided to transfer the property back to the mother. The mother had her lawyer draw up a quitclaim deed. The lawyer did so and brought the deed to the house for signature. But the son was not present. The lawyer left, and the son later came to the lawyer's office and signed the deed. The son then brought the deed home and showed the executed deed to the mother. The mother said, "Why [don't you] let [my attorney] go ahead and record it for

me." The son replied, "Well, I'll take it down and do it." The mother then gave the son $15. The record is not clear on whether this payment was a fee to be paid to the son or to pay for the filing of the deed with the county recorder's office.

{¶ 38} In either event, the trial court could have easily concluded that constructive delivery had taken place. According to the mother's testimony (which the court as the trier of fact was entitled to credit), the son in fact agreed to become her agent for the filing of the deed with the recorder's office. Even though the deed did not change hands and enter into the mother's possession, nonetheless, delivery was perfected. He no longer possessed the deed on his own behalf, but recognized the mother's right to the deed by taking the money and agreeing to file it.

{¶ 39} In my view, these competent, credible facts, under the cases cited in the majority opinion, are sufficient to demonstrate constructive delivery of the deed.

{¶ 40} Thus, on this basis, I concur in judgment and opinion.

_____