[Cite as *Downard v. Gilliland*, 2012-Ohio-5491.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

SHERI DOWNARD,                         :

    Plaintiff-Appellee,              :    Case No. 12CA1

    vs.                              :

DANNY GILLILAND,                       :    DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.             :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Marie Moraleja Hoover and R. Tracy Hoover, 621
    Seventh Street, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEE:    William S. Cole, 227 East Main Street, P.O. Box
    427, Jackson, Ohio 45640

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-19-12
ABELE, P.J.

{¶ 1}    This is an appeal from a Jackson County Common Pleas Court judgment in favor

of Sheri Downard, plaintiff below and appellee herein, on her claims against Danny Gilliland,

defendant below and appellant herein.

{¶ 2}    Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
DECIDING THAT THE REAL PROPERTY THAT WAS
OWNED BY DEED BY THE APPELLANT WAS BEING HELD
BY APPELLANT IN CONSTRUCTIVE TRUST FOR THE
BENEFIT OF APPELLEE[.]"

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S DECISION WAS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE IN THERE WAS NO
EVIDENCE OF FRAUD, WRONGDOING, DURESS, ETC."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
ORDERING THE APPELLANT TO CONVEY TO APPELLEE
HIS DEED FOR THE ONE-HALF UNDIVIDED INTEREST IN
THE REAL PROPERTY WHEN THE APPELLEE DID NOT
PRESENT ANY EVIDENCE AS TO THE VALUE OF
APPELLEE'S ONE-HALF INTEREST IN THE REAL ESTATE
NOR DID APPELLEE PRESENT ANY EVIDENCE AS TO THE
AMOUNT OF MONIES REQUESTED AS DAMAGES."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
ORDERING THE APPELLANT PAY TO APPELLEE THE SUM
OF $250 FOR THE AMOUNT CONTRIBUTED BY SHERI
DOWNARD FOR THE PURCHASE OF THE PICK-UP TRUCK
WHEN NO EVIDENCE WAS PRESENTED REGARDING THE
PURCHASE PRICE NOR THE VALUE OF TH PICK-UP
TRUCK."

{¶ 3} In June 2002, the parties purchased two acres of land from appellee's aunt and

uncle. The deed conveyed to each party an undivided one-half interest with survivorship rights.

A few months later, appellee executed a quit-claim deed to transfer her interest to appellant.[1]

The parties then expended joint funds to build and furnish a home, and to purchase a 1995 Chevy

S10 truck that, although titled in appellant's name, was apparently purchased for appellee's son's

_____

[1] Appellee testified that appellant told her that property taxes would be less if the land is in his name. In the wake
of her recent hysterectomy and medication, she explained that she believed his assertion.

use.[2]

{¶ 4}    In 2007, the parties ended their relationship and appellant demanded that the appellee and her son "vacate the premises."[3]    Appellee commenced the instant action to recover her share of the home and the motor vehicle.    Appellant denied liability and asserted a number of defenses.

{¶ 5}    At the hearing, appellee testified about her involvement in purchasing both the land and the vehicle.    Appellee's son, Zach Downard, also testified concerning events insofar as the Chevy S10.    Appellant elected to represent himself at trial, but offered no evidence.

{¶ 6}    After hearing the evidence, the trial court concluded that appellant held appellee's interest in the home in constructive trust.    The court ordered appellant to re-convey to appellee her interest in the land and to repay appellee the amount she contributed for the vehicle.    That judgment was appealed, but we dismissed the appeal.    See *Downard v. Gilliland*, 4th Dist. No. 10CA2, 2011-Ohio-1783, at ¶¶12-14 (*Downard I*).

{¶ 7}    Subsequently, the trial court issued a nunc pro tunc judgment, substantially the same as the 2010 judgment, but finding that the truck's purchase price was $500 and ordered appellant to pay appellee "the sum of $250.00 for the amount contributed by [her] for the

---

[2]  The explanation provided at the hearing was that auto insurance would be more inexpensive if the vehicle was titled in appellant's name, rather than in the name of a sixteen year old boy.

[3]  A prior case that involved the alleged conversion of appellee's personal property came before us in *Downard v. Gilliland*, 4th Dist. No. 07CA11, 2008-Ohio-3155.

purchase of the pick-up truck."   This appeal followed.[4]

I

**{¶ 8}**   We jointly consider appellant's first and second assignments of error because they challenge the trial court's finding of a constructive trust.   Appellant assert that no evidence was adduced to support this decision and, further, that no evidence was adduced at trial concerning fraud, duress, or other wrong doing that would support the imposition of a constructive trust.

**{¶ 9}**   A constructive trust is an equitable remedy used when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest. See *Bishop v. Bishop*, 188 Ohio App.3d 98, 2010-Ohio-2958, 934 N.E.2d 420, at ¶16 (4th Dist); *Franks v. Rankin*, 10th Dist. Nos. 11AP–934, 11AP–962, 2012-Ohio-1920, at ¶56.

**{¶ 10}**  The uncontroverted evidence adduced during the trial court proceeding reveals that the parties used "joint funds" to buy the property and to build and furnish the home. Appellee testified that she received no money from appellant for her share of the property, that she did not intend to relinquish her interest and that she quit-claimed her interest simply because appellant told her that the property taxes would be less expensive.

**{¶ 11}** Generally, an appellate court will not reverse a trial court's judgment if supported

---

[4] Appellant's brief sets forth four separate assignments of error, but the brief contains one argument.   App.R. 16(A)(7) requires a brief to contain an argument "with respect to each assignment of error."    Although appellate courts may choose to simultaneously address two or more assignments of error, the parties may not.    See *Powell v. Vallandingham*, 4th Dist. No. 10CA24, 2011–Ohio–3208, at ¶24; *Keffer v. Cent. Mut. Ins. Co.*, 4th Dist. No. 06CA652, 2007–Ohio–3984, at ¶8, fn. 2.    Thus, App.R. 12(A)(2) permits us to disregard these assignments of error. However, in the interest of justice, we will consider the merits of the appeal.

by some competent and credible evidence. *Shemo v. Mayfield Hts.*, 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus (1978). This standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and to prevent a reversal. *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (4th Dist. 1997); *Willman v. Cole*, 4th Dist. No. 01CA725, 2002-Ohio-3596, ¶24.   In the case sub judice, we believe that appellee's testimony provided ample evidence to support the finding that appellant should not, in good conscience, be allowed to retain appellee's interest in the land.   Appellant also contends that no evidence of fraud, wrongdoing or duress was adduced at trial.   We agree, but no such evidence is needed.   A constructive trust may be imposed when it is against the principles of equity that a certain person retain the property, even though the property was acquired without fraud or other malfeasance. *Goddard v. Goddard*, 192 Ohio App.3d 718, 2011-Ohio-680, 950 N.E.2d 567 at ¶31 (4th Dist.); *Baillis v. Ross*, 2nd Dist. No. No. 97259, 2012-Ohio-705, at ¶32 *In re Estate of Workman*, 4th Dist. No. 07CA39, 2008-Ohio- 3351, at ¶24.   It may well be that appellant truly believed that the property taxes would be decreased if the real estate was titled in his name alone.   However, even if he did so believe, the fact remains that it is inequitable to allow him to retain appellee's interest when she contributed to the purchase of the land and the residence, but received nothing in return for transferring her interest.

{¶ 12} For all these reasons, we hereby overrule appellant's first and second assignments of error.

II

{¶ 13} In his third assignment of error, appellant argues that the trial court erroneously

ordered him to convey to appellee a one-half interest in the property without first determining its value.

{¶ 14} We recognize that in *Downard I*, we dismissed the appeal, in part, because the trial court's Decision and Order did not contain a clear pronouncement of the trial court's judgment.   We pointed out that one of the problems with the judgment involved the absence of a monetary value assigned to the one-half interest in real estate that the court ordered appellant to convey.   However, we do recognize that the appellee sought an equitable remedy of a reconveyance of the interest in the real estate and, as such, the judgment may not have necessarily been deficient in this particular regard.   A court should have the option to select a remedy that will best serve and benefit the parties' interests.

{¶ 15} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's third assignment of error.

III

{¶ 16} In his fourth assignment of error, appellant asserts that the trial court erred by ordering him to pay appellee $250 for her share of the truck's purchase price.   We agree.

{¶ 17} As appellant correctly points out, no evidence appears in the record with regard to the vehicle's purchase price.   Neither appellee nor her son testified to that issue and no documentary evidence was adduced on that point.   Appellee argues, however, that "[t]he Court's file contained a copy of the title to the motor vehicle which indicates purchase price of $500.00."  She does not, however, indicate where that title is located in the original papers.   A copy of the title does appear to be attached as an exhibit to appellant's brief in *Downard I*, but the purchase price is illegible.

{¶ 18} Moreover, the truck's purchase price is arguably irrelevant. Appellee's fifth cause of action in the complaint, and her demand for damages, asked that the vehicle be appraised and that she be compensated for her half interest. The complaint alleges that the vehicle was purchased in June 2006. This occurred approximately four years before judgment was first entered against appellant and the uncontroverted evidence indicated that the truck has been involved in an accident. Although some testimony was adduced that certain repairs and improvements have been made, it is safe to assume that the truck's purchase price no longer reflects evidence of its present value.

{¶ 19} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's fourth assignment of error.

{¶ 20} Having sustained appellant's third and fourth assignments of error, we hereby affirm, in part, and reverse, in part, the trial court's judgment. This matter will be remanded for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART, AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed, in part, and reversed, in part and the case remanded for further proceedings consistent with this opinion. Appellant and appellee shall equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion
                                For the Court

BY:_____

Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.